1  MICHAEL D. JAY (SBN 223827)
   michael.jay@us.dlapiper.com
2  **DLA PIPER LLP (US)**
   2000 Avenue of the Stars
3  4th Floor, North Tower
   Los Angeles, California 90067-4308
4  Telephone:   310.595.3000
   Facsimile:    310.595.3300
5

6  Attorneys for Defendant
   THE TJX COMPANIES, INC.
7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11  THERABODY, INC. a Delaware        Case No. 2:21-cv-09079
    corporation,
12                                    **THE TJX COMPANIES, INC.'S**
                                      **ANSWER AND ADDITIONAL**
13                 Plaintiff,         **DEFENSES TO SECOND**
                                      **AMENDED COMPLAINT**
14         v.

15  LEGEND GROUP, INC., TJX
    COMPANIES, INC., a Delaware
16  corporation, and DOES 1 through 10,
    inclusive,
17

18                 Defendants.

19

20

21       Defendant The TJX Companies, Inc. ("TJX") hereby answers the Second

22  Amended Complaint ("Complaint") filed by Plaintiff Therabody, Inc.

23  ("Therabody") as follows:

24

25

26

27

28

## GENERAL DENIAL

Unless expressly admitted below, TJX denies each and every allegation set forth by Therabody in its Complaint.

## RESPONSE TO THERABODY'S SPECIFIC ALLEGATIONS

**Allegation No. 1:**      The Defendants have been and are now infringing Therabody's rights in its trademarks, its unique trade dress, and numerous of its patents by manufacturing, using, selling, offering for sale, or importing various percussive massage device knock-offs, therefor, and in connection with the foregoing, using Therabody's federally registered trademarks and/or its unique and protectable trade dress.

**Response No. 1:**

With respect to TJX itself, TJX denies the allegations of Paragraph 1. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 and therefore denies them.

## THE PARTIES

**Allegation No. 2:**      Therabody is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 9420 Wilshire Blvd., Fourth Floor, Beverly Hills, California 90212.

**Response No. 2:**

TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 and therefore denies them.

**Allegation No. 3:**      Therabody is informed and believes and, based thereon, alleges that defendant Legend Group Inc. is a New York corporation with offices at 6315 Chalet Drive, Commerce, CA 90040 and 16804 Gridley Place, Cerritos, CA 90703.

**Response No. 3:**

TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 and therefore denies them.

**Allegation No. 4:**     Therabody is informed and believes and, based thereon, alleges that defendant TJX Companies, Inc. is a Delaware corporation with places of business within this District.

**Response No. 4:**

TJX admits the allegations of Paragraph 4.

**Allegation No. 5:**     Therabody is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Therabody will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations.

**Response No. 5:**

TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 and therefore denies them.

**Allegation No. 6:**     Therabody is informed and believes and thereon alleges that Defendants are manufacturing, using, selling, or offering for sale within the United States, or importing into the United States the infringing percussive massage device described below.

**Response No. 6:**

With respect to TJX itself, TJX denies the allegations of Paragraph 6. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 6 and therefore denies them.

**Allegation No. 7:**        Therabody is informed and believes and thereon alleges that each of the Defendants conspired and acted in concert with one or more other Defendants to commit the wrongs against Therabody alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos, and/or partners of each other. Therabody is further informed and believes and on that basis alleges that, in doing the things alleged in this Complaint, each of the Defendants was acting within the scope of authority conferred upon that Defendant by the consent, approval, and/or ratification of one or more of the other Defendants.

**Response No. 7:**

With respect to TJX itself, TJX denies the allegations of Paragraph 7. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 and therefore denies them.

## JURISDICTION AND VENUE

**Allegation No. 8:**        This is an action for (a) trademark and trade dress infringement under Section 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125; (b) trademark and trade dress infringement under the laws of the state of California; (c) patent infringement under the patent laws of the United States, 35 U.S.C. § 271; and (d) unfair competition pursuant to California Business and Professions Code Section 17200, et seq.

**Response No. 8:**

TJX admits that Therabody has brought forth this action pursuant to the claims listed in Paragraph 8. TJX denies all allegations of trademark infringement, trade dress infringement, patent infringement, or unfair competition.

**Allegation No. 9:**        This Court has subject matter jurisdiction over the trade dress and patent claims in this action pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1121. This Court has supplemental jurisdiction over the remaining state

law claims under 28 U.S.C. §1367 because the claims are so related to Therabody's claims under federal law that they derive from a common nucleus of operative fact and form part of the same case or controversy.

**Response No. 9:**

The allegations of Paragraph 9 contain legal conclusions to which no response of TJX is required. To the extent Paragraph 9 is construed to contain factual allegations requiring a response, they are denied.

**Allegation No. 10:** This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and § 1400(b). Therabody is informed and believes and, based thereon, alleges that, defendant Legend has offices in this District, including at 6315 Chalet Drive, Commerce, CA 90040 and 16804 Gridley Place, Cerritos, CA 90703, defendant TJX has numerous places of business in this District, and that Defendants have committed acts of infringement in this District, including the distribution, promoting, marketing, selling, offering for sale, importing, and/or advertising their infringing products in or to this District and/or to businesses and individuals in this District. Therabody is further informed and believes and, based thereon, alleges that Defendants derive substantial revenue from the distribution, promotion, marketing, sale, offer for sale, or import of infringing products in or to this District. Finally, Defendants infringing acts are causing harm to Therabody, a resident of this District.

**Response No. 10:**

The allegations of the first sentence of Paragraph 10 contain legal conclusions to which no response of TJX is required. With respect to TJX itself, TJX admits that it has places of business in this District but denies the remaining allegations of Paragraph 10. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in

1   Paragraph 10 and therefore denies them.

2

3   **GENERAL ALLEGATIONS**

4   Therabody's Trade Dress and Trademarks

5   **Allegation No. 11:**       Therabody is in the business of developing,

6   manufacturing and selling high-quality, innovative percussive therapy devices.

7   Therabody invests considerable time, effort, and money in developing and

8   protecting its intellectual property, including the trade dress of its products.

9   **Response No. 11:**

10       TJX lacks knowledge or information sufficient to form a belief as to the

11   allegations in Paragraph 11 and therefore denies them.

12

13   **Allegation No. 12:**       Since at least as early as January 2019, Therabody has

14   used a distinctive triangle product design trade dress, examples of which are

15   shown below (the "Triangle Trade Dress").

16   **Response No. 12:**

17       TJX lacks knowledge or information sufficient to form a belief as to the

18   allegations in Paragraph 12 and therefore denies them.

19

20   **Allegation No. 13:**       The Triangle Trade Dress, shown in the above images,

21   features: (1) a percussive massage device generally in the shape of a right triangle,

22   comprising one shorter leg, one longer leg, and one hypotenuse; (2) a thick longer

23   leg, a shorter leg of relative less thickness, and a hypotenuse that is relatively

24   thinner than both legs; (3) a circular design or "head" at the corner where the

25   hypotenuse and the longer leg meet; and (4) an arm to which massage head

26   attachments are attached extending from the circular head.

27   **Response No. 13:**

28       TJX lacks knowledge or information sufficient to form a belief as to the

EAST\190512846.3

1    allegations in Paragraph 13 and therefore denies them.

2

3    **Allegation No. 14:**      Therabody introduced the Triangle Trade Dress with its

4    third-generation percussive massage device, which were introduced at least as

5    early as January 2019. Therabody's line of third-generation percussive massage

6    device included three the percussive massage devices available at three price

7    points. All three of Therabody's third-generation percussive massage devices

8    featured the Triangle Trade Dress. The third-generation percussive massage

9    devices at the two highest price points featured the Triangle Trade Dress, plus an

10   additional design element, namely, a key-shaped design element formed by

11   combination of the circular head and the longer leg itself (highlighted in the

12   images below). The combination of the Triangle Trade Dress and the key-shaped

13   design element is referred to herein as the Key Trade Dress.

14   **Response No. 14:**

15        TJX lacks knowledge or information sufficient to form a belief as to

16   Therabody's allegations in Paragraph 14 and therefore denies them.

17

18   **Allegation No. 15:**      The most advanced, most refined, and most expensive of

19   the three third-generation percussive massage devices was called the

20   THERAGUN G3PRO. The trade dress for the THERAGUN G3PRO included the

21   Key Trade Dress, plus the following additional elements: (1) the circular head is a

22   distinctive, metallic blue color; (2) on one side of the percussive massage device,

23   the circular head is solid blue; (3) the THERAGUN mark is displayed at the

24   opposite end of the longer leg from the circular head; and (4) the outer surfaces of

25   the legs and hypotenuse feature a cross hatch texture (all as shown in the images

26   below). The combination of the Key Trade Dress and the foregoing elements is

27   referred to herein as the PRO Trade Dress.

28   **Response No. 15:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in Paragraph 15 and therefore denies them.

**Allegation No. 16:**          Therabody's line of fourth-generation percussive massage device were introduced at least as early as May 2020. The line includes three percussive massage device bearing the Triangle Trade Dress, each at different price points. The fourth-generation percussive massage devices at the two highest price points, the THERAGUN PRO and the THERAGUN ELITE, also feature the Key Trade Dress. The THERAGUN PRO is most advanced, most refined, and most expensive of the three products. Like the THERAGUN G3PRO, the THERAGUN PRO also bears the PRO Trade Dress.

**Response No. 16:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in Paragraph 16 and therefore denies them.

**Allegation No. 17:**          Therabody has developed trade dress rights in the Triangle Trade Dress. The Triangle Trade Dress is not functional: it does not provide a utilitarian advantage, a plethora of alternative product shapes and designs are available for use, and their use is not the result of a simple or inexpensive method of manufacture. Therabody selected the elements of the Triangle Trade Dress for the purpose of identifying its products and distinguishing them from the products of third parties.

**Response No. 17:**

With respect to Therabody's allegation that the Triangle Trade Dress is not functional, TJX denies it. TJX lacks knowledge or information sufficient to form a belief as to Therabody's remaining allegations in Paragraph 17 and therefore denies them.

**Allegation No. 18:**      The Triangle Trade Dress is either inherently distinctive or, through Therabody's continuous use and promotion, has acquired distinctiveness, and the Triangle Trade Dress is uniquely associated with Therabody and its percussive massage device. Therabody has used the Triangle Trade Dress since it introduced its third-generation percussive massage devices at least as early as January 2019.

**Response No. 18:**

  With respect to Therabody's allegation that the Triangle Trade Dress is distinctive, either inherently or through acquired distinctiveness, TJX denies it. TJX lacks knowledge or information sufficient to form a belief as to Therabody's remaining allegations in Paragraph 18 and therefore denies them.

**Allegation No. 19:**      Therabody has developed trade dress rights in the Key Trade Dress. The Key Trade Dress is not functional: it does not provide a utilitarian advantage, a plethora of alternative product shapes and designs are available for use, and their use is not the result of a simple or inexpensive method of manufacture. Therabody selected the elements of the Key Trade Dress for the purpose of identifying its products and distinguishing them from the products of third parties.

**Response No. 19:**

  With respect to Therabody's allegation that the Key Trade Dress is not functional, TJX denies it. TJX lacks knowledge or information sufficient to form a belief as to Therabody's remaining allegations in Paragraph 19 and therefore denies them.

**Allegation No. 20:**      The Key Trade Dress is either inherently distinctive or, through Therabody's continuous use and promotion, has acquired distinctiveness, and the Key Trade Dress is uniquely associated with Therabody and its percussive

massage device. Therabody has used the Key Trade Dress since it introduced its third-generation percussive massage devices at least as early as January 2019.

**Response No. 20:**

 With respect to Therabody's allegation that the Key Trade Dress is distinctive, either inherently or through acquired distinctiveness, TJX denies it. TJX lacks knowledge or information sufficient to form a belief as to Therabody's remaining allegations in Paragraph 20 and therefore denies them.

**Allegation No. 21:** Therabody has developed trade dress rights in the PRO Trade Dress. The PRO Trade Dress is not functional: it does not provide a utilitarian advantage, a plethora of alternative product colors, shapes, and designs are available for use, and their use is not the result of a simple or inexpensive method of manufacture. Therabody selected the elements of the PRO Trade Dress for the purpose of identifying its products and distinguishing them from the products of third parties.

**Response No. 21:**

 With respect to Therabody's allegation that the PRO Trade Dress is not functional, TJX denies it. TJX lacks knowledge or information sufficient to form a belief as to Therabody's remaining allegations in Paragraph 21 and therefore denies them.

**Allegation No. 22:** The PRO Trade Dress is either inherently distinctive or, through Therabody's continuous use and promotion, has acquired distinctiveness, and the PRO Trade Dress is uniquely associated with Therabody and its percussive massage device. Therabody has used the PRO Trade Dress since it introduced its third-generation percussive massage devices at least as early as January 2019.

EAST\190512846.3

**Response No. 22:**

With respect to Therabody's allegation that the PRO Trade Dress is distinctive, either inherently or through acquired distinctiveness, TJX denies it. TJX lacks knowledge or information sufficient to form a belief as to Therabody's remaining allegations in Paragraph 22 and therefore denies them.

**Allegation No. 23:**        Therabody has sold millions of dollars of products bearing its distinctive Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress. It has spent millions of dollars to promote its products bearing its Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress. Therabody products bearing the Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress are used by numerous celebrities and professional athletes and have been the subject of extensive press and advertising. As a result of Therabody's extensive advertising and promotion and the widespread, and high profile, use of Therabody's Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress, including as described above, Therabody's Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress are associated by the public exclusively with Therabody and its products and are used by the public as indicators of the origin and quality of Therabody's percussive massage device.

**Response No. 23:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in Paragraph 23 and therefore denies them.

**Allegation No. 24:**        Additionally, Defendants' have copied Therabody's Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress, as have numerous third parties. Such copying is further evidence that Therabody's Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress have secondary meaning.

**Response No. 24:**

With respect to Paragraph 24, TJX denies that it has copied Therabody's Triangle Trade Dress, Key Trade Dress, PRO Trade Dress, and further denies that Therabody's Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress have secondary meaning. With respect to any other defendant or third parties, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 and therefore denies them.

**Allegation No. 25:**      Therabody owns the trademarks THERAGUN G3PRO, THERAGUN PRO, and THERAGUN ELITE, which trademarks are the subject of U.S. Reg. Nos. 6043891, 6,126,362 and 6,126,363, all for, inter alia, massage apparatus.

**Response No. 25:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in Paragraph 25 and therefore denies them.

**Allegation No. 26:**      Therabody is a pioneer in the percussive massage therapy device market and, by delivering premier-quality products using its Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress and THERAGUN G3PRO, THERAGUN PRO, and THERAGUN ELITE marks, Plaintiff has established a reputation for providing outstanding massage therapy products and customer service associated with that trade dress and those trademarks. Consumers have come to recognize that trade dress and those trademarks as indicators of excellence and as uniquely identifying Therabody as the source of the products and services associated in connection with which they are used.

**Response No. 26:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in Paragraph 26 and therefore denies them.

Therabody's Patents

**Allegation No. 27:** On July 7, 2020, the United States Patent and Trademark Office issued United States Patent Number 10,702,448, entitled "Percussive Massage Device and Method of Use" (hereinafter the "'448 Patent"). A true and correct copy of the '448 Patent is attached hereto as Exhibit 1.

**Response No. 27:**

TJX admits that Therabody has attached what purports to be a copy of the '448 Patent as Exhibit 1, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 1 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the '448 Patent states that it (i) is titled "Percussive massage device and method of use" and (ii) issued on July 7, 2020.

**Allegation No. 28:** Therabody is the owner of the '448 Patent. The '448 Patent is presumed to be valid and is prima facie proof that the inventions claimed in '448 Patent are novel and non-obvious.

**Response No. 28:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 28 and therefore denies them. TJX denies that the '448 Patent is novel and non-obvious. The remaining allegations of Paragraph 28 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 29:** The '448 Patent pertains to a percussive massage device and method of using a percussive massage device.

**Response No. 29:**

The '448 Patent speaks for itself, and to the extent the allegations of Paragraph 29 of the Complaint distort or mischaracterize the '448 Patent they are

1  denied.

2

3  **Allegation No. 30:**      On December 8, 2020, the United States Patent and

4  Trademark Office issued United States Patent Number 10,857,064, entitled

5  "Percussive Therapy Device" (hereinafter the "'064 Patent"). A true and correct

6  copy of the '064 Patent is attached hereto as Exhibit 2.

7  **Response No. 30:**

8       TJX admits that Therabody has attached what purports to be a copy of the

9  '064 Patent as Exhibit 2, but lacks knowledge or information sufficient to form a

10  belief regarding Therabody's allegation that Exhibit 2 is a true and correct copy.

11  TJX admits that the face of the document Therabody alleges is a copy of the '064

12  Patent states that it (i) is titled "Percussive Therapy Device" and (ii) issued on

13  December 8, 2020.

14

15  **Allegation No. 31:**      Therabody is the owner of the '064 Patent. The '064

16  Patent is presumed to be valid and is prima facie proof that the inventions claimed

17  in the '064 Patent are novel and non-obvious.

18  **Response No. 31:**

19       TJX lacks knowledge or information sufficient to form a belief as to

20  Therabody's allegations in the first sentence of Paragraph 31 and therefore denies

21  them.  TJX denies that the '064 Patent is novel and non-obvious.  The remaining

22  allegations of Paragraph 31 of the Complaint constitute legal conclusions to which

23  no response of TJX is required.

24

25  **Allegation No. 32:**      The '064 Patent pertains to a percussive massage device

26  and method of using a percussive massage device.

27  **Response No. 32:**

28       The '064 Patent speaks for itself, and to the extent the allegations of

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

EAST\190512846.3

Paragraph 32 of the Complaint distort or mischaracterize the '064 Patent they are denied.

**Allegation No. 33:**       On November 2, 2021, the United States Patent and Trademark Office issued United States Patent Number 11,160,722, entitled "Percussive Massage Device and Method of Use" (hereinafter the "'722 Patent"). A true and correct copy of the '722 Patent is attached hereto as Exhibit 3.

**Response No. 33:**

TJX admits that Therabody has attached what purports to be a copy of the '722 Patent as Exhibit 3, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 3 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the '722 Patent states that it (i) is entitled "Percussive Massage Device and Method of Use" and (ii) issued on November 2, 2021.

**Allegation No. 34:**       Therabody is the owner of the '722 Patent. The '722 Patent is presumed to be valid and is prima facie proof that the inventions claimed in the '722 Patent are novel and non-obvious.

**Response No. 34:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 34 and therefore denies them.  TJX denies that the '722 Patent is novel and non-obvious.  The remaining allegations of Paragraph 34 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 35:**       The '722 Patent pertains to a percussive massage device and method of using a percussive massage device.

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT
EAST\190512846.3

**Response No. 35:**

The '722 Patent speaks for itself, and to the extent the allegations of Paragraph 35 of the Complaint distort or mischaracterize the '064 Patent they are denied.

**Allegation No. 36:**      On April 7, 2020, the United States Patent and Trademark Office issued United States Patent Number D880,714, entitled "Percussive Massage Device" (hereinafter the "'D714 Patent"). A true and correct copy of the 'D714 Patent is attached hereto as Exhibit 4.

**Response No. 36:**

TJX admits that Therabody has attached what purports to be a copy of the 'D714 Patent as Exhibit 4, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 4 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the 'D714 Patent states that it (i) is entitled "Percussive Massage Device" and (ii) issued on April 7, 2020.

**Allegation No. 37:**      Therabody is the owner of the 'D714 Patent. The 'D714 Patent is presumed to be valid and is prima facie proof that the design shown in the 'D714 Patent is novel and non-obvious.

**Response No. 37:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 37 and therefore denies them.  TJX denies that the 'D714 Patent is novel and non-obvious.  The remaining allegations of Paragraph 37 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 38:**       The 'D714 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

**Response No. 38:**

The 'D714 Patent speaks for itself, and to the extent the allegations of Paragraph 38 of the Complaint distort or mischaracterize the 'D714 Patent they are denied.

**Allegation No. 39:**       On April 7, 2020, the United States Patent and Trademark Office issued United States Patent Number D880,715, entitled "Percussive Massage Device" (hereinafter the "'D715 Patent"). A true and correct copy of the 'D715 Patent is attached hereto as Exhibit 5.

**Response No. 39:**

TJX admits that Therabody has attached what purports to be a copy of the 'D715 Patent as Exhibit 5, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 5 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the 'D715 Patent states that it (i) is entitled "Percussive Massage Device" and (ii) issued on April 7, 2020.

**Allegation No. 40:**       Therabody is the owner of the 'D715 Patent. The 'D715 Patent is presumed to be valid and is prima facie proof that the design shown in the 'D715 Patent is novel and non-obvious.

**Response No. 40:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 40 and therefore denies them.  TJX denies that the 'D715 Patent is novel and non-obvious.  The remaining allegations of Paragraph 40 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 41:**        The 'D715 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

**Response No. 41:**

The 'D715 Patent speaks for itself, and to the extent the allegations of Paragraph 41 of the Complaint distort or mischaracterize the 'D715 Patent they are denied.

**Allegation No. 42:**        On May 26, 2020, the United States Patent and Trademark Office issued United States Patent Number D885,601, entitled "Percussive Massage Device" (hereinafter the "'D601 Patent"). A true and correct copy of the 'D601 Patent is attached hereto as Exhibit 6.

**Response No. 42:**

TJX admits that Therabody has attached what purports to be a copy of the 'D601 Patent as Exhibit 6, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 6 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the 'D601 Patent states that it (i) is entitled "Percussive Massage Device" and (ii) issued on May 26, 2020.

**Allegation No. 43:**        Therabody is the owner of the 'D601 Patent. The 'D601 Patent is presumed to be valid and is prima facie proof that the design shown in the 'D601 Patent is novel and non-obvious.

**Response No. 43:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 43 and therefore denies them.  TJX denies that the 'D601 Patent is novel and non-obvious.  The remaining allegations of Paragraph 43 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 44:**        The 'D601 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

**Response No. 44:**

The 'D601 Patent speaks for itself, and to the extent the allegations of Paragraph 44 of the Complaint distort or mischaracterize the 'D601 Patent they are denied.

**Allegation No. 45:**        On June 16, 2020, the United States Patent and Trademark Office issued United States Patent Number D887,573, entitled "Percussive Massage Device" (hereinafter the "'D573 Patent"). A true and correct copy of the 'D573 Patent is attached hereto as Exhibit 7.

**Response No. 45:**

TJX admits that Therabody has attached what purports to be a copy of the 'D573 Patent as Exhibit 7, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 7 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the 'D573 Patent states that it (i) is entitled "Percussive Massage Device" and (ii) issued on June 16, 2020.

**Allegation No. 46:**        Therabody is the owner of the 'D573 Patent. The 'D573 Patent is presumed to be valid and is prima facie proof that the design shown in the 'D573 Patent is novel and non-obvious.

**Response No. 46:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 46 and therefore denies them.  TJX denies that the 'D573 Patent is novel and non-obvious.  The remaining allegations of Paragraph 46 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 47:**      The 'D573 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

**Response No. 47:**

The 'D573 Patent speaks for itself, and to the extent the allegations of Paragraph 47 of the Complaint distort or mischaracterize the 'D573 Patent they are denied.

**Allegation No. 48:**      On April 7, 2020, the United States Patent and Trademark Office issued United States Patent Number D880,716, entitled "Percussive Massage Device" (hereinafter the "'D716 Patent"). A true and correct copy of the 'D716 Patent is attached hereto as Exhibit 8.

**Response No. 48:**

TJX admits that Therabody has attached what purports to be a copy of the 'D716 Patent as Exhibit 8, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 8 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the 'D716 Patent states that it (i) is entitled "Percussive Massage Device" and (ii) issued on April 7, 2020.

**Allegation No. 49:**      Therabody is the owner of the 'D716 Patent. The 'D716 Patent is presumed to be valid and is prima facie proof that the design shown in the 'D716 Patent is novel and non-obvious.

**Response No. 49:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 49 and therefore denies them.  TJX denies that the 'D716 Patent is novel and non-obvious.  The remaining allegations of Paragraph 49 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 50:** The 'D716 Patent pertains to a particular ornamental design for a therapeutic percussive massage device

**Response No. 50:**

The 'D716 Patent speaks for itself, and to the extent the allegations of Paragraph 38 of the Complaint distort or mischaracterize the 'D716 Patent they are denied.

**Allegation No. 51:** On September 15, 2020, the United States Patent and Trademark Office issued United States Patent Number D896,396, entitled "Percussive Massage Device" (hereinafter the "'D396 Patent"). A true and correct copy of the 'D396 Patent is attached hereto as Exhibit 9.

**Response No. 51:**

TJX admits that Therabody has attached what purports to be a copy of the 'D396 Patent as Exhibit 9, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 9 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the 'D396 Patent states that it (i) is entitled "Percussive Massage Device" and (ii) issued on Sept. 15, 2020.

**Allegation No. 52:** Therabody is the owner of the 'D396 Patent. The 'D396 Patent is presumed to be valid and is prima facie proof that the design shown in the 'D396 Patent is novel and non-obvious.

**Response No. 52:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 52 and therefore denies them. TJX denies that the 'D396 Patent is novel and non-obvious. The remaining allegations of Paragraph 52 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 53:** The 'D396 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

**Response No. 53:**

The 'D396 Patent speaks for itself, and to the extent the allegations of Paragraph 53 of the Complaint distort or mischaracterize the 'D396 Patent they are denied.

**Allegation No. 54:** On March 31, 2020, the United States Patent and Trademark Office issued United States Patent Number D879,985, entitled "Percussive Massage Device" (hereinafter the "'D985 Patent"). A true and correct copy of the 'D985 Patent is attached hereto as Exhibit 10.

**Response No. 54:**

TJX admits that Therabody has attached what purports to be a copy of the 'D985 Patent as Exhibit 10, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 10 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the 'D985 Patent states that it (i) is entitled "Percussive Massage Device" and (ii) issued on March 31, 2020.

**Allegation No. 55:** Therabody is the owner of the 'D985 Patent. The 'D985 Patent is presumed to be valid and is prima facie proof that the design shown in the 'D985 Patent is novel and non-obvious.

**Response No. 55:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 55 and therefore denies them. TJX denies that the 'D985 Patent is novel and non-obvious. The remaining allegations of Paragraph 55 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 56:**        The 'D985 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

**Response No. 56:**

The 'D985 Patent speaks for itself, and to the extent the allegations of Paragraph 56 of the Complaint distort or mischaracterize the 'D985 Patent they are denied.

**Allegation No. 57:**        On March 31, 2020, the United States Patent and Trademark Office issued United States Patent Number D879,986, entitled "Percussive Massage Device" (hereinafter the "'D986 Patent"). A true and correct copy of the 'D986 Patent is attached hereto as Exhibit 11.

**Response No. 57:**

TJX admits that Therabody has attached what purports to be a copy of the 'D986 Patent as Exhibit 11, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 11 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the 'D986 Patent states that it (i) is entitled "Percussive Massage Device" and (ii) issued on March 31, 2020.

**Allegation No. 58:**        Therabody is the owner of the 'D986 Patent. The 'D986 Patent is presumed to be valid and is prima facie proof that the design shown in the 'D986 Patent is novel and non-obvious

**Response No. 58:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 58 and therefore denies them.  TJX denies that the 'D714 Patent is novel and non-obvious.  The remaining allegations of Paragraph 58 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 59:**        The 'D986 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

**Response No. 59:**

The 'D986 Patent speaks for itself, and to the extent the allegations of Paragraph 59 of the Complaint distort or mischaracterize the 'D986 Patent they are denied.

**Allegation No. 60:**        On May 19, 2020, the United States Patent and Trademark Office issued United States Patent Number D884,915, entitled "Percussive Massage Device" (hereinafter the "'D915 Patent"). A true and correct copy of the 'D915 Patent is attached hereto as Exhibit 12.

**Response No. 60:**

TJX admits that Therabody has attached what purports to be a copy of the 'D915 Patent as Exhibit 12, but lacks knowledge or information sufficient to form a belief regarding Therabody's allegation that Exhibit 12 is a true and correct copy. TJX admits that the face of the document Therabody alleges is a copy of the 'D915 Patent states that it (i) is entitled "Percussive Massage Device" and (ii) issued on May 19, 2020.

**Allegation No. 61:**        Therabody is the owner of the 'D915 Patent. The 'D915 Patent is presumed to be valid and is prima facie proof that the design shown in the 'D915 Patent is novel and non-obvious.

**Response No. 61:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's allegations in the first sentence of Paragraph 61 and therefore denies them.  TJX denies that the 'D915 Patent is novel and non-obvious.  The remaining allegations of Paragraph 61 of the Complaint constitute legal conclusions to which no response of TJX is required.

**Allegation No. 62:**        The 'D915 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

**Response No. 62:**

The 'D915 Patent speaks for itself, and to the extent the allegations of Paragraph 62 of the Complaint distort or mischaracterize the 'D915 Patent they are denied.

**Allegation No. 63:**        Therabody's patented and patent-pending devices are innovative and have received industry praise and recognition, including the 2019 A' Design Award in Digital and Electronic Devices Design for its Therabody G3PRO design.

**Response No. 63:**

TJX lacks knowledge or information sufficient to form a belief as to Therabody's remaining allegations in Paragraph 63 and therefore denies them.

Defendant's Infringing Conduct

**Allegation No. 64:**        Therabody is informed and believes and based thereon alleges that Defendants recently began competing with Therabody in the percussive massage device industry by manufacturing or selling percussive massage devices infringing Therabody's trade dress, trademarks and patents. Specifically, Defendants manufacture or sell: 1) TRAKK PRO percussive massage device (the "First Infringing Device"); 2) TRAKK ELITE percussive massage device (the "Second Infringing Device") and 3) strettoPro percussive massage device (the "Third Infringing Device") (collectively, the "Infringing Products").

**Response No. 64:**

With respect to TJX itself, TJX denies that it has manufactured any of the accused products.  TJX admits that it has offered for sale TRAKK PRO percussive

massage devices and TRAKK ELITE percussive massage devices, but responding

further states that it currently lacks knowledge or information sufficient to form a

belief as to whether it has offered for sale of strettoPro percussive massage

devices and therefore denies them.  TJX denies that it has committed trademark

infringement, trade dress infringement, and/or patent infringement as a result of

offering for sale the TRAKK PRO percussive massage devices, TRAKK ELITE

percussive massage devices, and/or strettoPro percussive massage devices. TJX

denies the remaining allegations of Paragraph 64. With respect to any other

defendant, TJX lacks knowledge or information sufficient to form a belief as to

the allegations in Paragraph 64 and therefore denies them.

**Allegation No. 65:**        On or about August 11, 2021, Therabody first became

aware of Defendants' First Infringing Device (shown below) through Defendant

Legends Amazon retail page. On August 11, 2021, Therabody sent a cease-and-

desist letter demanding that Defendant Legend immediately ends their use of

infringing trade dress and all manufacture, offer for sale, sale, use and importation

of the Infringing Products. Since then, Therabody has seen these same infringing

products being promoted in a number of locations, including in Defendant TJX's

stores as well as on Walmart, Staples and Office Depot websites and Defendant's

website at https://www.shoptrakk.com/.

**Response No. 65:**

        TJX denies all allegations of infringement pled against it.  TJX lacks

knowledge or information sufficient to form a belief as to Therabody's remaining

allegations in Paragraph 65 and therefore denies them.

**Allegation No. 66:**        On or about September 23, 2021, Therabody first became

aware of Defendant's Second Infringing Device (shown below) through

Defendant's website at https://www.shoptrakk.com/ as well as multiple major e-

1  commerce platforms such as Amazon and Newegg, and major retailers such as

2  Office Depot, Walmart, Radio Shack. On September 23, 2021, Therabody sent a

3  cease-and-desist letter demanding that Defendants immediately end their use of

4  infringing trade dress and all manufacture, offer for sale, sale, use and importation

5  of the Infringing Products.

6  **Response No. 66:**

7      TJX lacks knowledge or information sufficient to form a belief as to

8  Therabody's allegations in Paragraph 66 and therefore denies them.

9

10  **Allegation No. 67:**      On or about December 18, 2021, Therabody first became

11  aware of one or more the Infringing Devices at one of Defendant TJX's retail

12  stores in Delaware and on December 23, 2021 in Defendant TJX's Marshall's

13  store in Studio City, California. On December 22, 2021, Therabody sent a cease

14  and desist notification to Defendant TJX demanding that, among other things,

15  Defendant TJX immediately cease making, offering for sale, using, importing,

16  and/or sale of the Infringing Products, including products that infringe U.S. Patent

17  Nos. 10,702,448 (triangle), 10,857,064 (triangle), 11,160,722 (triangle),

18  D880,714, D880,715, D885,601, D887,573, D880,716, D896,396, D879,985,

19  D879,986, D884,915 as well as the patents and design registrations listed under

20  "Patents and Design Registrations" on www.therabody.com and

21  www.theragun.com (collectively, "Therabody's Percussive Massage Patents") and

22  Therabody's Trade Dress.

23  **Response No. 67:**

24      TJX admits it received an email purportedly from Therabody dated

25  December 22, 2021, which speaks for itself. To the extent the allegations of

26  Paragraph 67 of the Complaint distort or mischaracterize that email, they are

27  denied.  TJX lacks knowledge or information sufficient to form a belief as to

28  Therabody's remaining allegations in Paragraph 67 and therefore denies them.

EAST\190512846.3

**Allegation No. 68:**        On or about February 26, 2022, Therabody first became
aware of Defendant's Third Infringing Device (shown below) through at one of
Defendant TJX's retail stores.

**Response No. 68:**

        TJX lacks knowledge or information sufficient to form a belief as to
Therabody's allegations in Paragraph 68 and therefore denies them.


**Allegation No. 69:**        It is clear from their product design and product name
selection that Defendants are deliberately imitating Plaintiff. Defendants product
design is virtually identical to the Triangle Trade Dress, Key Trade Dress, and the
PRO Trade Dress. Defendants have adopted both PRO and ELITE as names for its
percussive massage device.

**Response No. 69:**

        With respect to TJX itself, TJX denies the allegations in Paragraph 69. With
respect to any other defendant, TJX lacks knowledge or information sufficient to
form a belief as to the allegations in Paragraph 69 and therefore denies them.


**Allegation No. 70:**        As described herein, the First and Third Infringing
Devices infringe numerous Therabody patents. Additionally, the First and Third
Infringing Devices incorporate each element of the Triangle Trade Dress, Key
Trade Dress, and the PRO Trade Dress. The First Infringing Device uses the name
TRAKK PRO.

**Response No. 70:**

        TJX denies the allegations in Paragraph 70.


**Allegation No. 71:**        Defendants' conduct is likely to cause confusion or
mistake, or to deceive members of the public into believing that Defendants or
their percussive massage device are approved, sponsored, endorsed, or licensed

by, or affiliated, associated, or otherwise connected with Therabody, which is not the case. Such confusion, mistake, or deception will inevitably continue after the sale of the products, as consumers continue to encounter Defendants' infringing products at gyms, in therapists or doctors' offices, or in other post-sale contexts, and as a result of such post-sale confusion the harm to Therabody's reputation will continue and be amplified.

**Response No. 71:**

With respect to TJX itself, TJX denies the allegations in Paragraph 71. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 71 and therefore denies them.

**Allegation No. 72:**        Notwithstanding Therabody's demand that Defendants cease their infringing conduct and in conscious disregard of Therabody's intellectual property rights as set forth herein, Defendants have continued to make, use, offer for sale, sell, and import into the United States the Infringing Products as well as use Therabody's Trade Dress and Trademarks in conjunction with their percussive massage devices and in direct competition with Therabody.

**Response No. 72:**

With respect to TJX itself, TJX denies the allegations in Paragraph 72. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 72 and therefore denies them.

## **FIRST CAUSE OF ACTION**

Federal Trademark Infringement, 15. U.S.C. § 1114

(Against All Defendants)

**Allegation No. 73:**        Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 73:**

TJX realleges and reincorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 74:**     Therabody owns the trademarks THERAGUN G3PRO, THERAGUN PRO, and THERAGUN ELITE (collectively, the "Trademarks"), which are the subject of U.S. Reg. Nos. 6043891, 6,126,362 and 6,126,363, all for, inter alia, massage apparatus.

**Response No. 74:**

TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 and therefore denies them.

**Allegation No. 75:**     Defendants, without Therabody's permission or consent, have used and are continuing to use, marks that are confusingly similar to the Trademarks, namely, TRAKK PRO and TRAKK ELITE, in connection with the advertising, promotion, sale, and offer for sale of percussive massage devices, including products that bear trade dress that is virtually identical to Therabody's Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress and are virtual copies of Therabody's patented products.

**Response No. 75:**

With respect to TJX itself, TJX denies the allegations in Paragraph 75. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 75 and therefore denies them.

**Allegation No. 76:**     Defendants' use of TRAKK PRO and TRAKK ELITE marks on percussive massage devices is likely to deceive or to cause confusion, or reverse confusion, or to cause mistake among consumers as to source, origin, sponsorship, affiliation, approval, and/or association. Consumer confusion is

1   exacerbated by (1) Defendants' adoption of not one but two infringing marks –

2   just as Plaintiff's product line includes products designated as THERAGUN PRO

3   and THERAGUN ELITE, Defendants competing product line includes products

4   designated as TRAKK PRO and TRAKK ELITE; and (2) Defendants' use of its

5   marks on products that bear trade dress that is virtually identical to Therabody's

6   Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress and are virtual

7   copies of Therabody's patented products.

8   **Response No. 76:**

9         With respect to TJX itself, TJX denies the allegations in Paragraph 76. With

10  respect to any other defendant, TJX lacks knowledge or information sufficient to

11  form a belief as to the allegations in Paragraph 76 and therefore denies them.

12

13  **Allegation No. 77:**      Defendants' conduct described herein was knowing,

14  willful, intentional, deliberate, and in total disregard of Therabody's rights. The

15  knowing and intentional nature of the acts set forth herein renders this an

16  exceptional case under 15 U.S.C. § 1117(a).

17  **Response No. 77:**

18        With respect to TJX itself, TJX denies the allegations in Paragraph 77. With

19  respect to any other defendant, TJX lacks knowledge or information sufficient to

20  form a belief as to the allegations in Paragraph 77 and therefore denies them.

21

22  **Allegation No. 78:**      As a direct and proximate cause of Defendants' unlawful,

23  intentional and willful conduct, Therabody has been and will continue to be

24  irreparably harmed unless Defendants are temporarily, preliminarily, and

25  permanently enjoined from such unlawful conduct.

26  **Response No. 78:**

27        With respect to TJX itself, TJX denies the allegations in Paragraph 78. With

28  respect to any other defendant, TJX lacks knowledge or information sufficient to

1  form a belief as to the allegations in Paragraph 78 and therefore denies them.

2

3  **Allegation No. 79:**       Therabody has no adequate remedy at law. Unless

4  enjoined, Defendants will continue their unlawful, intentional, and willful

5  conduct.

6  **Response No. 79:**

7       With respect to TJX itself, TJX denies the allegations in Paragraph 79. With

8  respect to any other defendant, TJX lacks knowledge or information sufficient to

9  form a belief as to the allegations in Paragraph 79 and therefore denies them.

10

11  **Allegation No. 80:**       In light of the foregoing, Therabody is entitled to a

12  permanent injunction prohibiting Defendants from using TRAKK PRO and

13  TRAKK ELITE, and any name, service mark, or logo confusingly similar to the

14  federally registered Trademarks, including PRO and ELITE, and to recover from

15  Defendants all damages that Therabody has sustained and will sustain, and all

16  gains, profits, and advantages obtained by Defendants as a result of the infringing

17  acts alleged above, in an amount not yet known, as well as the costs of this action

18  pursuant to 15 U.S.C. § 1117(a).

19  **Response No. 80:**

20       With respect to TJX itself, TJX denies the allegations in Paragraph 80. With

21  respect to any other defendant, TJX lacks knowledge or information sufficient to

22  form a belief as to the allegations in Paragraph 80 and therefore denies them.

23

24  **Allegation No. 81:**       Given Defendants' willful acts, this is an exceptional case

25  and, pursuant to 15 U.S.C. § 1117(a), Therabody is further entitled to three times

26  the amount of the above profits or damages, whichever is greater, and their

27  attorneys' fees.

28

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

**Response No. 81:**

With respect to TJX itself, TJX denies the allegations in Paragraph 81. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 81 and therefore denies them.

## SECOND CAUSE OF ACTION

False Designation of Origin, 15. U.S.C. § 1125(a)

(Against All Defendants)

**Allegation No. 82:**   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein

**Response No. 82:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 83:**   Therabody uses its Triangle Trade Dress, Key Trade Dress, and PRO Trade Dress (collectively, the "Therabody Trade Dress") in commerce on and in connection with its percussive massage device, accessories therefor, and the advertising and promotion of the same. The Therabody Trade Dress, described above, is comprised of distinctive features which are protected under Lanham Act § 43(a). The Therabody Trade Dress is either inherently distinctive or, as a result of its use, has acquired secondary meaning whereby the relevant consuming public and the trade associate these features with a single source.

**Response No. 83:**

TJX denies the allegations in Paragraph 83.

**Allegation No. 84:**   As described above and shown below, Defendants have used in commerce trade dress that is confusingly similar to the unique and

protectable Therabody Trade Dress (hereinafter the "Infringing Trade Dress"), on and in connection with their sale of the percussive massage device and accessories therefor. The Infringing Trade Dress includes each element of the Triangle Trade Dress, each element of the Key Trade Dress, and each element of the PRO Trade Dress. As described above, the potential for confusion is amplified by the use of the Infringing Trade Dress in connection with products that, in whole or in part, are copies or knockoffs of Therabody's own products, as well as by Defendants' adoption of the product names TRAKK PRO and TRAKK ELITE, which are virtually the same Therabody's own product names THERAGUN G3PRO, THERAGUN PRO, and THERAGUN ELITE.

**Response No. 84:**

    With respect to TJX itself, TJX denies the allegations in Paragraph 84. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 84 and therefore denies them.


**Allegation No. 85:**       Defendants' conduct alleged herein constitutes a false designation of origin and/or a false or misleading description and/or representation of fact, which is likely to deceive or to cause confusion or reverse confusion or mistake among consumers as to the origin, sponsorship, or approval of the Defendants' goods and services and/or deceive or to cause confusion or mistake among consumers as to the affiliation, connection, or association between Defendants and Therabody.

**Response No. 85:**

    With respect to TJX itself, TJX denies the allegations in Paragraph 85. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 85 and therefore denies them.

**Allegation No. 86:**        Defendants' conduct described herein was knowing, willful, intentional, deliberate, and in total disregard of Therabody's rights. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

**Response No. 86:**

With respect to TJX itself, TJX denies the allegations in Paragraph 86. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 86 and therefore denies them.

**Allegation No. 87:**        As a direct and proximate cause of Defendants' unlawful, intentional, and willful conduct, Therabody has been and will continue to be irreparably harmed unless Defendants are permanently enjoined from such unlawful conduct. Therabody has no adequate remedy at law. Unless enjoined, Defendants will continue to mislead and confuse consumers as to the origin, sponsorship, or approval of Defendants' goods and services and/or deceive or cause confusion or mistake among consumers as to the affiliation, connection, or association between Defendants and Therabody.

**Response No. 87:**

With respect to TJX itself, TJX denies the allegations in Paragraph 87. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 and therefore denies them.

**Allegation No. 88:**        In light of the foregoing, Therabody is entitled to a permanent injunction prohibiting Defendants from using the Infringing Trade Dress, and any marks or trade dress confusingly similar to any of the Therabody Trade Dress, and to recover from Defendants all damages that Therabody has sustained and will sustain, and all gains, profits, and advantages obtained by

Defendants as a result of their infringing acts alleged above, in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

**Response No. 88:**

With respect to TJX itself, TJX denies the allegations in Paragraph 88. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 88 and therefore denies them.

**Allegation No. 89:**       Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials bearing the Infringing Trade Dress, or any other trade dress confusingly similar to any of the Therabody Trade Dress.

**Response No. 89:**

With respect to TJX itself, TJX denies the allegations in Paragraph 89. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 89 and therefore denies them.

**Allegation No. 90:**       Given Defendants' willful acts, this is an exceptional case and, pursuant to 15 U.S.C. § 1117(a), Therabody is further entitled to three times the amount of the above profits or damages, whichever is greater, and their attorneys' fees.

**Response No. 90:**

With respect to TJX itself, TJX denies the allegations in Paragraph 90. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 90 and therefore denies them.

## **THIRD CAUSE OF ACTION**

Federal Unfair Competition, 15. U.S.C. § 1125(a)

(Against All Defendants)

**Allegation No. 91:**         Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 91:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 92:**         Defendants have deliberately and willfully attempted to capitalize on Therabody's goodwill and reputation established in connection with the Trademarks and the Therabody Trade Dress by misleading, confusing, or deceiving consumers as to source, source, origin, affiliation, approval, sponsorship, and/or association, including by using TRAKK PRO and TRAKK ELITE and including by copying and using each element of the Triangle Trade Dress, each element of the Key Trade Dress, and each element of the PRO Trade Dress through the advertising and sale of the First, Second and Third Infringing Products.

**Response No. 92:**

With respect to TJX itself, TJX denies the allegations in Paragraph 92. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 92 and therefore denies them.

**Allegation No. 93:**         Defendants have engaged in, and continue to engage in, their unlawful, intentional, and willful conduct without Therabody's permission or consent.

**Response No. 93:**

With respect to TJX itself, TJX denies the allegations in Paragraph 93. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 93 and therefore denies them.

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

**Allegation No. 94:**       As a direct and proximate cause of Defendants unlawful, intentional, and willful conduct, Therabody has been and will continue to be irreparably harmed unless Defendants are permanently enjoined from such unlawful conduct. Therabody has no adequate remedy at law. Unless enjoined, Defendants will continue their unlawful, intentional, and willful conduct.

**Response No. 94:**

With respect to TJX itself, TJX denies the allegations in Paragraph 94. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 94 and therefore denies them.

**Allegation No. 95:**       In light of the foregoing, Therabody is entitled to a permanent injunction prohibiting Defendants from using TRAKK PRO and TRAKK ELITE, the Infringing Trade Dress, and any marks or trade dress confusingly similar to any of Therabody's Trademarks or any of the Therabody Trade Dress, including PRO and ELITE, and to recover from Defendants all damages that Therabody has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

**Response No. 95:**

With respect to TJX itself, TJX denies the allegations in Paragraph 95. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 95 and therefore denies them.

**Allegation No. 96:**       Pursuant to 15 U.S.C. § 1118, Therabody is entitled to, and hereby seeks, an order for the destruction of all materials bearing any of the Trademarks, the Infringing Trade Dress, or any other trade dress confusingly similar to any of the Therabody Trade Dress.

**Response No. 96:**

With respect to TJX itself, TJX denies the allegations in Paragraph 96. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 96 and therefore denies them.

**Allegation No. 97:**     Given Defendants' willful acts, this is an exceptional case and, pursuant to 15 U.S.C. § 1117(a), Therabody is further entitled to three times the amount of the above profits or damages, whichever is greater, and their attorneys' fees.

**Response No. 97:**

With respect to TJX itself, TJX denies the allegations in Paragraph 97. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 96 and therefore denies them.

## FOURTH CAUSE OF ACTION

Common Law Trademark and Trade Dress Infringement

(Against All Defendants)

**Allegation No. 98:**     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 98:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 99:**     Defendants' acts, described herein, constitute common law trade dress and trademark infringement and unfair competition under state law

**Response No. 99:**

With respect to TJX itself, TJX denies the allegations in Paragraph 99. With respect to any other defendant, TJX lacks knowledge or information sufficient to

38

1   form a belief as to the allegations in Paragraph 99 and therefore denies them.

2

3   **Allegation No. 100:**      Therabody has been damaged and will continue to be

4   damaged by Defendants' infringing activities.

5   **Response No. 100:**

6         With respect to TJX itself, TJX denies the allegations in Paragraph 100.

7   With respect to any other defendant, TJX lacks knowledge or information

8   sufficient to form a belief as to the allegations in Paragraph 100 and therefore

9   denies them.

10

11   **Allegation No. 101:**      Therabody has no adequate remedy at law and is entitled

12   to an injunction prohibiting Defendants from continuing the infringing practices

13   described herein, and a recall order directed to the infringing items in the

14   marketplace

15   **Response No. 101:**

16         With respect to TJX itself, TJX denies the allegations in Paragraph 101.

17   With respect to any other defendant, TJX lacks knowledge or information

18   sufficient to form a belief as to the allegations in Paragraph 101 and therefore

19   denies them.

20

21   **Allegation No. 102:**      Therabody is also entitled to an award of any profits and

22   damages arising from Defendants' wrongful use of any of Therabody's

23   Trademarks and/or any of the Therabody Trade Dress.

24   **Response No. 102:**

25         With respect to TJX itself, TJX denies the allegations in Paragraph 102.

26   With respect to any other defendant, TJX lacks knowledge or information

27   sufficient to form a belief as to the allegations in Paragraph 102 and therefore

28   denies them.

**Allegation No. 103:**      Therabody is informed and believes, on that basis alleges, that Defendants conduct was willful, wanton, malicious, and in conscious disregard of Therabody's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

**Response No. 103:**

With respect to TJX itself, TJX denies the allegations in Paragraph 103. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 103 and therefore denies them.

## FIFTH CAUSE OF ACTION

Patent Infringement of the '448 Patent, 35 U.S.C., §§ 101 et seq.

(Against All Defendants)

**Allegation No. 104:**      Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 104:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 105:**      At all times herein mentioned the '448 Patent was and is valid and fully enforceable.

**Response No. 105:**

TJX denies the allegations in Paragraph 105.

**Allegation No. 106:**      Defendants are offering percussive massage devices that infringe at least claim 8 of the '448 Patent, including at least the First and Third Infringing Products.

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

**Response No. 106:**

    With respect to TJX itself, TJX denies the allegations in Paragraph 106. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 106 and therefore denies them.

**Allegation No. 107:**    Defendants' Infringing Products are percussive massage devices.

**Response No. 107:**

    With respect to TJX itself, TJX denies the allegations in Paragraph 107. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 107 and therefore denies them.

**Allegation No. 108:**    As shown below, Defendants' First and Third Infringing Products include a housing, wherein the housing includes first, second and third handle portions that cooperate to define a handle opening.  The Third Infringing Product has the same features shown below for the First Infringing Product.

**Response No. 108:**

    With respect to TJX itself, TJX denies the allegations in Paragraph 108. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 108 and therefore denies them.

**Allegation No. 109:**    As shown above, Defendants' First and Third Infringing Products include a first handle portion that defines a first axis, a second handle portion defines a second axis and a third handle portion defines a third axis, and wherein the first, second and third axes cooperate to form a triangle.  The Third

EAST\190512846.3

Infringing Product has these same features shown above for the First Infringing Product.

**Response No. 109:**

With respect to TJX itself, TJX denies the allegations in Paragraph 109. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 109 and therefore denies them.

**Allegation No. 110:**     As shown above, the First and Third Infringing Products include that the first handle portion is generally straight, the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.  The Third Infringing Product has these same features shown above for the First Infringing Product.

**Response No. 110:**

With respect to TJX itself, TJX denies the allegations in Paragraph 110. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 110 and therefore denies them.

**Allegation No. 111:**     The First and Third Infringing Products include an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

**Response No. 111:**

With respect to TJX itself, TJX denies the allegations in Paragraph 111. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 111 and therefore

1   denies them.

2

3   **Allegation No. 112:**      The First and Third Infringing Products include switch

4   electronics associated with the switch, the electrical source is a battery that is

5   housed in the second handle portion, and the switch electronics are housed in the

6   first handle portion.

7   **Response No. 112:**

8         With respect to TJX itself, TJX denies the allegations in Paragraph 112.

9   With respect to any other defendant, TJX lacks knowledge or information

10  sufficient to form a belief as to the allegations in Paragraph 112 and therefore

11  denies them.

12

13  **Allegation No. 113:**      On information and belief, at least since Plaintiff's

14  August 11, 2021 letter, Defendants have knowingly and actively induced the

15  infringement of one or more of the '448 Patent claims by, inter alia, marketing,

16  promoting, and offering for use the Infringing Products, knowingly and intending

17  that the use of the Infringing Products by Defendants' customers and by users

18  infringes the '448 Patent. For example, Defendants intend to induce such

19  infringement by, among other things, promoting users to purchase and use the

20  Infringing Products knowing that their purchase and use infringes one or more

21  claims of the '448 Patent.

22  **Response No. 113:**

23        With respect to TJX itself, TJX denies the allegations in Paragraph 113.

24  With respect to any other defendant, TJX lacks knowledge or information

25  sufficient to form a belief as to the allegations in Paragraph 113 and therefore

26  denies them.

27

28

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

**Allegation No. 114:**     On information and belief, at least since Plaintiff's August 11, 2021 letter, Defendants have contributed to the infringement of the '448 Patent by their customers and users of the Infringing Products by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '448 Patent. The Infringing Products are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '448 Patent. As a result, Defendants' Infringing Products have been used by its customers and by users to infringe the '448 Patent. Defendants continue to engage in acts of contributory infringement of the '448 Patent even after receiving notice of its contributory infringement.

**Response No. 114:**

With respect to TJX itself, TJX denies the allegations in Paragraph 114. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 114 and therefore denies them.

**Allegation No. 115:**     Defendants infringe literally or under the doctrine of equivalents, or both.

**Response No. 115:**

With respect to TJX itself, TJX denies the allegations in Paragraph 115. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 115 and therefore denies them.

**Allegation No. 116:**     At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '448 Patent.

**Response No. 116:**

With respect to TJX itself, TJX admits that to date Therabody has not granted it an express license to the '448 Patent.  With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 116 and therefore denies them.

**Allegation No. 117:**     Therabody has been damaged by Defendants' acts of infringement of the '448 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

**Response No. 117:**

With respect to TJX itself, TJX denies the allegations in Paragraph 117. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 117 and therefore denies them.

**Allegation No. 118:**     Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Products become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and

pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Products being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

**Response No. 118:**

With respect to TJX itself, TJX denies the allegations in Paragraph 118. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 118 and therefore denies them.

**Allegation No. 119:**     Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

**Response No. 119:**

With respect to TJX itself, TJX denies the allegations in Paragraph 119. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 119 and therefore denies them.

## SIXTH CAUSE OF ACTION

Patent Infringement of the '064 Patent, 35 U.S.C., §§ 101 et seq.

(Against All Defendants)

**Allegation No. 120:**     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 120:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 121:**     At all times herein mentioned the '064 Patent was and is valid and fully enforceable.

**Response No. 121:**

TJX denies the allegations in Paragraph 121.

**Allegation No. 122:**     Defendants are offering percussive massage devices that infringe at least claim 11 of the '064 Patent, including at least the First and Third Infringing Products.

**Response No. 122:**

With respect to TJX itself, TJX denies the allegations in Paragraph 122. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 122 and therefore denies them.

**Allegation No. 123:**     The Infringing Products are percussive massage devices.

**Response No. 123:**

With respect to TJX itself, TJX denies the allegations in Paragraph 123. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 123 and therefore denies them.

**Allegation No. 124:**     As shown below, the First and Third Infringing Products include a housing, wherein the housing includes first, second and third handle portions and a head portion that cooperate to define a handle opening, wherein the

EAST\190512846.3

1  first handle portion defines a first axis, the second handle portion defines a second
2  axis and the third handle portion defines a third axis, wherein the first, second and
3  third axes cooperate to form a triangle, such that a user can grasp any of the first,
4  second or third handle portions independently to use the percussive therapy
5  device.  The Third Infringing Product has these same features shown below for the
6  First Infringing Product.

7  **Response No. 124:**

8      With respect to TJX itself, TJX denies the allegations in Paragraph 124.
9  With respect to any other defendant, TJX lacks knowledge or information
10  sufficient to form a belief as to the allegations in Paragraph 124 and therefore
11  denies them.

12

13  **Allegation No. 125:**      The First and Third Infringing Products include an
14  electrical source, a motor positioned in the head portion of the housing, a switch
15  for activating the motor, and a push rod assembly operatively connected to the
16  motor and configured to reciprocate in response to activation of the motor.

17  **Response No. 125:**

18      With respect to TJX itself, TJX denies the allegations in Paragraph 125.
19  With respect to any other defendant, TJX lacks knowledge or information
20  sufficient to form a belief as to the allegations in Paragraph 125 and therefore
21  denies them.

22

23  **Allegation No. 126:**      As shown below, the First and Third Infringing Products
24  include a first handle portion interior edge and defines a first handle portion
25  length, wherein the first handle portion length is long enough that when a user
26  grasps the first handle portion with a hand at least a portion of three fingers extend
27  through the handle opening and contact the first handle portion interior edge,
28  wherein the second handle portion includes a second handle portion interior edge

and defines a second handle portion length, wherein the second handle portion length is long enough that when a user grasps the second handle portion with a hand at least a portion of three fingers extend through the handle opening and contact the second handle portion interior edge, wherein the third handle portion includes a third handle portion interior edge and defines a third handle portion length, wherein the third handle portion length is long enough that when a user grasps the third handle portion with a hand at least a portion of three fingers extend through the handle opening and contact the third handle portion interior edge.  The Third Infringing Product has these same features shown below for the First Infringing Product.

**Response No. 126:**

With respect to TJX itself, TJX denies the allegations in Paragraph 126. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 126 and therefore denies them.

**Allegation No. 127:**     The First and Third Infringing Products include at least two of the first handle portion, second handle portion and third handle portion are generally straight.

**Response No. 127:**

With respect to TJX itself, TJX denies the allegations in Paragraph 127. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 127 and therefore denies them.

**Allegation No. 128:**     The First and Third Infringing Products a fourth interior surface that at least partially defines the handle opening, wherein the first handle portion interior surface, second handle portion interior surface, third handle

1    portion interior surface and fourth interior surface cooperate to define a

2    quadrilateral.

3    **Response No. 128:**

4         With respect to TJX itself, TJX denies the allegations in Paragraph 128.

5    With respect to any other defendant, TJX lacks knowledge or information

6    sufficient to form a belief as to the allegations in Paragraph 128 and therefore

7    denies them.

8

9    **Allegation No. 129:**     Defendants' infringe literally or under the doctrine of

10   equivalents, or both.

11   **Response No. 129:**

12        With respect to TJX itself, TJX denies the allegations in Paragraph 129.

13   With respect to any other defendant, TJX lacks knowledge or information

14   sufficient to form a belief as to the allegations in Paragraph 129 and therefore

15   denies them.

16

17   **Allegation No. 130:**     On information and belief, at least since Plaintiff's

18   August 11, 2021 letter, Defendants have knowingly and actively induced the

19   infringement of one or more of the '064 Patent claims by, inter alia, marketing,

20   promoting, and offering for use the Infringing Products, knowingly and intending

21   that the use of the Infringing Products by Defendants' customers and by users

22   infringes the '064 Patent. For example, Defendants intend to induce such

23   infringement by, among other things, promoting users to purchase and use the

24   Infringing Products knowing that their purchase and use infringes one or more

25   claims of the '064 Patent.

26   **Response No. 130:**

27        With respect to TJX itself, TJX denies the allegations in Paragraph 130.

28   With respect to any other defendant, TJX lacks knowledge or information

sufficient to form a belief as to the allegations in Paragraph 130 and therefore denies them.

**Allegation No. 131:**    On information and belief, at least since Plaintiff's August 11, 2021 letter, Defendants have contributed to the infringement of the '064 Patent by their customers and users of the Infringing Products by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '064 Patent. The Infringing Products are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '064 Patent. As a result, Defendants' Infringing Products have been used by its customers and by users to infringe the '064 Patent. Defendants continue to engage in acts of contributory infringement of the '064 Patent even after receiving notice of its contributory infringement.

**Response No. 131:**

With respect to TJX itself, TJX denies the allegations in Paragraph 131. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 131 and therefore denies them.

**Allegation No. 132:**    At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '064 Patent.

**Response No. 132:**

With respect to TJX itself, TJX admits that to date Therabody has not

1   granted it an express license to the '064 Patent.  With respect to any other

2   defendant, TJX lacks knowledge or information sufficient to form a belief as to

3   the allegations in Paragraph 132 and therefore denies them.

4

5   **Allegation No. 133:**      Therabody has been damaged by Defendants' acts of

6   infringement of the '064 Patent and Therabody will continue to be damaged by

7   such infringement unless enjoined by this Court. Therabody is entitled to recover

8   damages adequate to compensate for the infringement under 35 U.S.C. § 284.

9   **Response No. 133:**

10   With respect to TJX itself, TJX denies the allegations in Paragraph 133.

11   With respect to any other defendant, TJX lacks knowledge or information

12   sufficient to form a belief as to the allegations in Paragraph 133 and therefore

13   denies them.

14

15   **Allegation No. 134:**      Therabody is, and has been, irreparably harmed by

16   Defendants' on-going infringement including the following harm which cannot be

17   quantified or recouped through monetary damages: (1) lost market share that will

18   be difficult, if not impossible, to recoup later as the Infringing Products become

19   entrenched with retail sellers and trainers who recommend them to their clients,

20   (2) loss of first mover advantage that Therabody enjoyed as the first company to

21   offer its innovative and patented percussive devices, (3) loss of Therabody's

22   investment in developing the market for percussive devices, (4) negative effect on

23   its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales

24   of related products, (6) price erosion due to Defendants' Infringing Products being

25   sold at a price point lower than Therabody's patented products, (7) diversion of

26   resources to defend against loss of market share caused by sales of the Infringing

27   Products, and (8) Defendants' unauthorized sales that are enticing others to offer

28

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

1   for sale and sell infringing attachments that leads to additional irreparable harm

2   described above.

3   **Response No. 134:**

4       With respect to TJX itself, TJX denies the allegations in Paragraph 134.

5   With respect to any other defendant, TJX lacks knowledge or information

6   sufficient to form a belief as to the allegations in Paragraph 134 and therefore

7   denies them.

8

9   **Allegation No. 135:**    Defendants' acts of infringement have been, and continue

10  to be, willful and deliberate and therefore warrant the award of attorneys' fees

11  pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35

12  U.S.C. § 284.

13  **Response No. 135:**

14      With respect to TJX itself, TJX denies the allegations in Paragraph 135.

15  With respect to any other defendant, TJX lacks knowledge or information

16  sufficient to form a belief as to the allegations in Paragraph 135 and therefore

17  denies them.

18

19  **SEVENTH CAUSE OF ACTION**

20  Patent Infringement of the '722 Patent, 35 U.S.C., §§ 101 et seq.

21  (Against All Defendants)

22  **Allegation No. 136:**    Therabody realleges and incorporates by reference all

23  foregoing paragraphs as if fully set forth herein.

24  **Response No. 136:**

25      TJX realleges and incorporates by reference all foregoing paragraphs as if

26  fully set forth herein.

27

28

**Allegation No. 137:**     At all times herein mentioned the '722 Patent was and is valid and fully enforceable.

**Response No. 137:**

TJX denies the allegations in Paragraph 137.

**Allegation No. 138:**     Defendants are offering percussive massage devices that infringe at least claim 18 of the '722 Patent, including at least the First and Third Infringing Products.

**Response No. 138:**

With respect to TJX itself, TJX denies the allegations in Paragraph 138. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 138 and therefore denies them.

**Allegation No. 139:**     The Infringing Products are percussive massage devices.

**Response No. 139:**

With respect to TJX itself, TJX denies the allegations in Paragraph 139. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 139 and therefore denies them.

**Allegation No. 140:**     As shown below, the First and Third Infringing Products include a housing, wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening, wherein the first handle portion includes a first handle portion interior edge, wherein the second handle portion includes a second handle portion interior edge, wherein the third handle portion includes a third handle portion interior edge, wherein the first handle portion interior edge defines a first handle portion interior edge extended,

wherein the second handle portion interior edge defines a second handle portion interior edge extended, wherein the third handle portion interior edge defines a third handle portion interior edge extended, wherein the first, second and third interior edges extended cooperate to define a triangle that surrounds the handle opening, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.  The Third Infringing Product has these same features shown below for the First Infringing Product.

**Response No. 140:**

With respect to TJX itself, TJX denies the allegations in Paragraph 140. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 140 and therefore denies them.

**Allegation No. 141:**     The First and Third Infringing Products include an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

**Response No. 141:**

With respect to TJX itself, TJX denies the allegations in Paragraph 141. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 141 and therefore denies them.

**Allegation No. 142:**     As shown above, the First and Third Infringing Products include a housing with a head portion that at least partially defines the handle opening, wherein the head portion defines a head portion interior edge that is generally straight.

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT
EAST\190512846.3

**Response No. 142:**

With respect to TJX itself, TJX denies the allegations in Paragraph 142. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 142 and therefore denies them.

**Allegation No. 143:**    Defendants' infringe literally or under the doctrine of equivalents, or both.

**Response No. 143:**

With respect to TJX itself, TJX denies the allegations in Paragraph 143. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 143 and therefore denies them.

**Allegation No. 144:**    On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the '722 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Products, knowingly and intending that the use of the Infringing Products by Defendants' customers and by users infringes the '722 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '722 Patent.

**Response No. 144:**

With respect to TJX itself, TJX denies the allegations in Paragraph 144. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 144 and therefore denies them.

**Allegation No. 145:**     On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the '722 Patent by their customers and users of the Infringing Products by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '722 Patent. The Infringing Products are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '722 Patent. As a result, Defendants' Infringing Products have been used by its customers and by users to infringe the '722 Patent. Defendants continue to engage in acts of contributory infringement of the '722 Patent even after receiving notice of its contributory infringement.

**Response No. 145:**

     With respect to TJX itself, TJX denies the allegations in Paragraph 145. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 145 and therefore denies them.


**Allegation No. 146:**     At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '722 Patent.

**Response No. 146:**

     With respect to TJX itself, TJX admits that to date Therabody has not granted it an express license to the '722 Patent.  With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 146 and therefore denies them.

**Allegation No. 147:**      Therabody has been damaged by Defendants' acts of infringement of the '722 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

**Response No. 147:**

    With respect to TJX itself, TJX denies the allegations in Paragraph 147. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 147 and therefore denies them.

**Allegation No. 148:**      Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Products become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Products being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

**Response No. 148:**

    With respect to TJX itself, TJX denies the allegations in Paragraph 148. With respect to any other defendant, TJX lacks knowledge or information

1  sufficient to form a belief as to the allegations in Paragraph 148 and therefore

2  denies them.

3

4  **Allegation No. 149:**      Defendants' acts of infringement have been, and continue

5  to be, willful and deliberate and therefore warrant the award of attorneys' fees

6  pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35

7  U.S.C. § 284.

8  **Response No. 149:**

9       With respect to TJX itself, TJX denies the allegations in Paragraph 149.

10  With respect to any other defendant, TJX lacks knowledge or information

11  sufficient to form a belief as to the allegations in Paragraph 149 and therefore

12  denies them.

13

14              **EIGHTH CAUSE OF ACTION**

15            Patent Infringement, 35 U.S.C., §§ 101 et seq.

16                  'D714 Patent

17                (Against All Defendants)

18  **Allegation No. 150:**      Therabody realleges and incorporates by reference all

19  foregoing paragraphs as if fully set forth herein.

20  **Response No. 150:**

21       TJX realleges and incorporates by reference all foregoing paragraphs as if

22  fully set forth herein.

23

24  **Allegation No. 151:**      At all times herein mentioned the 'D714 Patent was and

25  is valid and fully enforceable.

26  **Response No. 151:**

27       TJX denies the allegations in Paragraph 151.

28

**Allegation No. 152:**      Defendants are offering percussive massage devices that infringe the 'D714 Patent, including at least the First and Third Infringing Devices, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D714 Patent and Defendants' First and Third Infringing Devices quickly reveals that the First and Third Infringing Devices appear substantially the same as Therabody's 'D714 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the First and Third Infringing Devices have a number of the same, or very similar, features as the design patented in the 'D714 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and First and Third Infringing Devices are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), (c) have a rounded head portion, and (d) circular medallion on the rounded head portion:

**Response No. 152:**

With respect to TJX itself, TJX denies the allegations in Paragraph 152. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 152 and therefore denies them.


**Allegation No. 153:**      Defendants have and continue to directly infringe the 'D714 Patent by making, using, offering for sale, selling and importing the First and Third Infringing Devices in conjunction with percussive massage devices competitive to Therabody.

**Response No. 153:**

With respect to TJX itself, TJX denies the allegations in Paragraph 153. With respect to any other defendant, TJX lacks knowledge or information

sufficient to form a belief as to the allegations in Paragraph 153 and therefore denies them.

**Allegation No. 154:**      Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

**Response No. 154:**

With respect to TJX itself, TJX denies the allegations in Paragraph 154. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 154 and therefore denies them.

**Allegation No. 155:**      On information and belief, at least since Plaintiff's August 11, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the 'D714 Patent claims by, inter alia, marketing, promoting, and offering for use the First and Third Infringing Devices, knowingly and intending that the use of the First and Third Infringing Devices by Defendants' customers and by users infringes the 'D714 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the First and Third Infringing Device knowing that their purchase and use infringes one or more claims of the 'D714 Patent.

**Response No. 155:**

With respect to TJX itself, TJX denies the allegations in Paragraph 155. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 155 and therefore denies them.

**Allegation No. 156:**      On information and belief, at least since Plaintiff's August 11, 2021 letter, Defendants have contributed to the infringement of the

'D714 Patent by, inter alia, marketing and promoting the First and Third Infringing Devices to its customers and users. The First and Third Infringing Devices are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D714 Patent. As a result, Defendants' the First and Third Infringing Devices have been used by their customers and by users to infringe the 'D714 Patent. Defendants continue to engage in acts of contributory infringement of the 'D714 Patent even after receiving notice of their contributory infringement.

**Response No. 156:**

With respect to TJX itself, TJX denies the allegations in Paragraph 156. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 156 and therefore denies them.

**Allegation No. 157:**      At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D714 Patent.

**Response No. 157:**

With respect to TJX itself, TJX admits that to date Therabody has not granted it an express license to the 'D714 Patent.  With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 157 and therefore denies them.

**Allegation No. 158:**      Therabody has been damaged by Defendants' acts of infringement of the 'D714 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

**Response No. 158:**

  With respect to TJX itself, TJX denies the allegations in Paragraph 158. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 158 and therefore denies them.

**Allegation No. 159:**  Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

**Response No. 159:**

  With respect to TJX itself, TJX denies the allegations in Paragraph 159. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 159 and therefore denies them.

**Allegation No. 160:**      Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

**Response No. 160:**

With respect to TJX itself, TJX denies the allegations in Paragraph 160. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 160 and therefore denies them.

## NINTH CAUSE OF ACTION

Patent Infringement, 35 U.S.C., §§ 101 et seq.

'D717 Patent

(Against All Defendants)

**Allegation No. 161:**      Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 161:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 162:**      At all times herein mentioned the 'D715 Patent was and is valid and fully enforceable.

**Response No. 162:**

TJX denies the allegations in Paragraph 162.

**Allegation No. 163:**      Defendants are offering percussive massage devices that infringe the 'D715 Patent, including at least the First and Third Infringing

Devices, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D715 Patent and Defendants' First and Third Infringing Devices quickly reveals that the First and Third Infringing Device appears substantially the same as Therabody's 'D715 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the First and Third Infringing Devices have a number of the same, or very similar, features as the design patented in the 'D715 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and First and Third Infringing Devices are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), (c) have a rounded head portion, (d) circular medallion on the rounded head portion, and (e) a key-design extending from the rounded head portion along the third handle portion:

**Response No. 163:**

With respect to TJX itself, TJX denies the allegations in Paragraph 163. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 163 and therefore denies them.

**Allegation No. 164:**     Defendants have and continue to directly infringe the 'D715 Patent by making, using, offering for sale, selling and importing the First and Third Infringing Devices in conjunction with percussive massage devices competitive to Therabody.

**Response No. 164:**

With respect to TJX itself, TJX denies the allegations in Paragraph 164. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 164 and therefore

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT
EAST\190512846.3

1   denies them.

2

3   **Allegation No. 165:**   Defendants' infringement is based upon literal

4   infringement or infringement under the doctrine of equivalents, or both.

5   **Response No. 165:**

6      With respect to TJX itself, TJX denies the allegations in Paragraph 165.

7   With respect to any other defendant, TJX lacks knowledge or information

8   sufficient to form a belief as to the allegations in Paragraph 165 and therefore

9   denies them.

10

11   **Allegation No. 166:**   On information and belief, at least since Plaintiff's

12   August 11, 2021 letter, Defendants have knowingly and actively induced the

13   infringement of one or more of the 'D715 Patent claims by, inter alia, marketing,

14   promoting, and offering for use the First and Third Infringing Devices, knowingly

15   and intending that the use of the First and Third Infringing Devices by

16   Defendants' customers and by users infringe the 'D715 Patent. For example,

17   Defendants intend to induce such infringement by, among other things, promoting

18   users to purchase and use the First and Third Infringing Devices knowing that its

19   purchase and use infringes one or more claims of the 'D715 Patent.

20   **Response No. 166:**

21      With respect to TJX itself, TJX denies the allegations in Paragraph 166.

22   With respect to any other defendant, TJX lacks knowledge or information

23   sufficient to form a belief as to the allegations in Paragraph 166 and therefore

24   denies them.

25

26   **Allegation No. 167:**   On information and belief, at least since Plaintiff's

27   August 11, 2021 letter, Defendants have contributed to the infringement of the

28   'D715 Patent by, inter alia, marketing and promoting the First and Third

Infringing Devices to its customers and users. The First and Third Infringing Devices are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D715 Patent. As a result, Defendants' First and Third Infringing Devices have been used by their customers and by users to infringe the 'D715 Patent. Defendants continue to engage in acts of contributory infringement of the 'D715 Patent even after receiving notice of their contributory infringement.

**Response No. 167:**

With respect to TJX itself, TJX denies the allegations in Paragraph 167. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 167 and therefore denies them.

**Allegation No. 168:**     At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D715 Patent.

**Response No. 168:**

With respect to TJX itself, TJX admits that to date Therabody has not granted it an express license to the 'D715 Patent.  With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 168 and therefore denies them.

**Allegation No. 169:**     Therabody has been damaged by Defendants' acts of infringement of the 'D715 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

1

**Response No. 169:**

2

  With respect to TJX itself, TJX denies the allegations in Paragraph 169.

3

With respect to any other defendant, TJX lacks knowledge or information

4

sufficient to form a belief as to the allegations in Paragraph 169 and therefore

5

denies them.

6

7

**Allegation No. 170:**  Therabody is, and has been, irreparably harmed by

8

Defendants' ongoing infringement including the following harm which cannot be

9

quantified or recouped through monetary damages: (1) lost market share that will

10

be difficult, if not impossible, to recoup later as the First and Third Infringing

11

Devices become entrenched with retail sellers and trainers who recommend them

12

to their clients, (2) loss of first mover advantage that Therabody enjoyed as the

13

first company to offer its innovative percussive devices and patented attachments,

14

(3) loss of Therabody's investment in building up the market for percussive

15

devices, (4) negative effect on its reputation as innovator and pioneer, (5) the

16

unquantifiable effect on lost sales of related products, (6) price erosion due to

17

Defendants' First and Third Infringing Devices being sold at a price point lower

18

than Therabody's patented product, (7) diversion of resources to defend against

19

loss of market share caused by sales of the First and Third Infringing Devices, and

20

(8) Defendants' unauthorized sales that are enticing others to offer for sale and sell

21

infringing attachments that leads to additional irreparable harm described above.

22

**Response No. 170:**

23

  With respect to TJX itself, TJX denies the allegations in Paragraph 170.

24

With respect to any other defendant, TJX lacks knowledge or information

25

sufficient to form a belief as to the allegations in Paragraph 170 and therefore

26

denies them.

27

28

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

**Allegation No. 171:**      Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

**Response No. 171:**

With respect to TJX itself, TJX denies the allegations in Paragraph 171. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 171 and therefore denies them.

**TENTH CAUSE OF ACTION**

Patent Infringement, 35 U.S.C., §§ 101 et seq.

'D716 Patent

(Against All Defendants)

**Allegation No. 172:**      Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 172:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 173:**      At all times herein mentioned the 'D716 Patent was and is valid and fully enforceable.

**Response No. 173:**

TJX denies the allegations in Paragraph 173.

**Allegation No. 174:**      Defendants are offering percussive massage devices that infringe the 'D716 Patent, including at least the First and Third Infringing

EAST\190512846.3

Devices, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D716 Patent and Defendants' First and Third Infringing Devices quickly reveals that the First and Third Infringing Devices appears substantially the same as Therabody's 'D716 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the First and Third Infringing Devices have a number of the same, or very similar, features as the design patented in the 'D716 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and First and Third Infringing Devices are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), (c) have a rounded head portion, (d) circular medallion on the rounded head portion, and (e) a key-design extending from the rounded head portion along the third handle portion

**Response No. 174:**

With respect to TJX itself, TJX denies the allegations in Paragraph 174. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 174 and therefore denies them.

**Allegation No. 175:** Defendants have and continue to directly infringe the 'D716 Patent by making, using, offering for sale, selling and importing the First and Third Infringing Devices in conjunction with percussive massage devices competitive to Therabody.

**Response No. 175:**

With respect to TJX itself, TJX denies the allegations in Paragraph 175. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 175 and therefore

1    denies them.

2

3    **Allegation No. 176:**      Defendants' infringement is based upon literal

4    infringement or infringement under the doctrine of equivalents, or both.

5    **Response No. 176:**

6          With respect to TJX itself, TJX denies the allegations in Paragraph 176.

7    With respect to any other defendant, TJX lacks knowledge or information

8    sufficient to form a belief as to the allegations in Paragraph 176 and therefore

9    denies them.

10

11   **Allegation No. 177:**      On information and belief, at least since Plaintiff's

12   August 11, 2021 letter, Defendants have knowingly and actively induced the

13   infringement of one or more of the 'D716 Patent claims by, inter alia, marketing,

14   promoting, and offering for use the First and Third Infringing Devices, knowingly

15   and intending that the use of the First and Third Infringing Devices by

16   Defendants' customers and by users infringes the 'D716 Patent. For example,

17   Defendants intend to induce such infringement by, among other things, promoting

18   users to purchase and use the First and Third Infringing Devices knowing that

19   their purchase and use infringes one or more claims of the 'D716 Patent.

20   **Response No. 177:**

21         With respect to TJX itself, TJX denies the allegations in Paragraph 177.

22   With respect to any other defendant, TJX lacks knowledge or information

23   sufficient to form a belief as to the allegations in Paragraph 177 and therefore

24   denies them.

25

26   **Allegation No. 178:**      On information and belief, at least since Plaintiff's

27   August 11, 2021 letter, Defendants have contributed to the infringement of the

28   'D716 Patent by, inter alia, marketing and promoting the First and Third

1  Infringing Devices to its customers and users. The First and Third Infringing
2  Devices are not a staple article or commodity of commerce suitable for substantial
3  non-infringing use and is known by Defendants to be especially made or
4  especially adapted to the infringe the 'D716 Patent. As a result, Defendants' First
5  and Third Infringing Devices have been used by their customers and by users to
6  infringe the 'D716 Patent. Defendants continue to engage in acts of contributory
7  infringement of the 'D716 Patent even after receiving notice of their contributory
8  infringement.

9  **Response No. 178:**

10  With respect to TJX itself, TJX denies the allegations in Paragraph 178.
11  With respect to any other defendant, TJX lacks knowledge or information
12  sufficient to form a belief as to the allegations in Paragraph 178 and therefore
13  denies them.

14

15  **Allegation No. 179:**    At no time has Therabody granted Defendants
16  authorization, license, or permission to utilize the design claimed in the 'D716
17  Patent.

18  **Response No. 179:**

19  With respect to TJX itself, TJX admits that to date Therabody has not
20  granted it an express license to the 'D716 Patent.  With respect to any other
21  defendant, TJX lacks knowledge or information sufficient to form a belief as to
22  the allegations in Paragraph 179 and therefore denies them.

23

24  **Allegation No. 180:**    Therabody has been damaged by Defendants' acts of
25  infringement of the 'D71h6 Patent and Therabody will continue to be damaged by
26  such infringement unless enjoined by this Court. Therabody is entitled to recover
27  damages adequate to compensate for the infringement under 35 U.S.C. § 284.

28

EAST\190512846.3

**Response No. 180:**

With respect to TJX itself, TJX denies the allegations in Paragraph 180. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 180 and therefore denies them.

**Allegation No. 181:**        Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

**Response No. 181:**

With respect to TJX itself, TJX denies the allegations in Paragraph 181. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 181 and therefore denies them.

**Allegation No. 182:**     Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

**Response No. 182:**

With respect to TJX itself, TJX denies the allegations in Paragraph 182. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 182 and therefore denies them.

## ELEVENTH CAUSE OF ACTION

Patent Infringement, 35 U.S.C., §§ 101 et seq.

'D985 Patent

(Against All Defendants)

**Allegation No. 183:**     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 183:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 184:**     At all times herein mentioned the 'D985 Patent was and is valid and fully enforceable.

**Response No. 184:**

TJX denies the allegations in Paragraph 184.

**Allegation No. 185:**     Defendants are offering percussive massage devices that infringe the 'D985 Patent, including at least the First and Third Infringing

Devices, as shown below. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D985 Patent and Defendants' First and Third Infringing Devices quickly reveals that the First and Third Infringing Devices appears substantially the same as Therabody's 'D985 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the First and Third Infringing Devices have a number of the same, or very similar, features as the design patented in the 'D985 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and First and Third Infringing Devices are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), (c) have a rounded head portion, (d) circular medallion on the rounded head portion, and (e) a key-design extending from the rounded head portion along the third handle portion:

**Response No. 185:**

With respect to TJX itself, TJX denies the allegations in Paragraph 185. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 185 and therefore denies them.

**Allegation No. 186:**     Defendants have and continue to directly infringe the 'D985 Patent by making, using, offering for sale, selling and importing the First and Third Infringing Devices in conjunction with percussive massage devices competitive to Therabody.

**Response No. 186:**

With respect to TJX itself, TJX denies the allegations in Paragraph 186. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 186 and therefore

1    denies them.

2

3    **Allegation No. 187:**      Defendants' infringement is based upon literal

4    infringement or infringement under the doctrine of equivalents, or both.

5    **Response No. 187:**

6         With respect to TJX itself, TJX denies the allegations in Paragraph 187.

7    With respect to any other defendant, TJX lacks knowledge or information

8    sufficient to form a belief as to the allegations in Paragraph 187 and therefore

9    denies them.

10

11   **Allegation No. 188:**      On information and belief, at least since Plaintiff's

12   August 11, 2021 letter, Defendants have knowingly and actively induced the

13   infringement of one or more of the 'D985 Patent claims by, inter alia, marketing,

14   promoting, and offering for use the First and Third Infringing Devices, knowingly

15   and intending that the use of the First and Third Infringing Devices by

16   Defendants' customers and by users infringes the 'D985 Patent. For example,

17   Defendants intend to induce such infringement by, among other things, promoting

18   users to purchase and use the First and Third Infringing Devices knowing that

19   their purchase and use infringes one or more claims of the 'D985 Patent.

20   **Response No. 188:**

21        With respect to TJX itself, TJX denies the allegations in Paragraph 188.

22   With respect to any other defendant, TJX lacks knowledge or information

23   sufficient to form a belief as to the allegations in Paragraph 188 and therefore

24   denies them.

25

26   **Allegation No. 189:**      On information and belief, at least since Plaintiff's

27   August 11, 2021 letter, Defendants have contributed to the infringement of the

28   'D985 Patent by, inter alia, marketing and promoting the First and Third

Infringing Devices to its customers and users. The First and Third Infringing Devices are not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D985 Patent. As a result, Defendants' First and Third Infringing Devices have been used by their customers and by users to infringe the 'D985 Patent. Defendants continue to engage in acts of contributory infringement of the 'D985 Patent even after receiving notice of their contributory infringement.

**Response No. 189:**

With respect to TJX itself, TJX denies the allegations in Paragraph 189. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 189 and therefore denies them.

**Allegation No. 190:**     At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D985 Patent.

**Response No. 190:**

With respect to TJX itself, TJX admits that to date Therabody has not granted it an express license to the 'D985 Patent.  With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 190 and therefore denies them.

**Allegation No. 191:**     Therabody has been damaged by Defendants' acts of infringement of the 'D985 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

**Response No. 191:**

With respect to TJX itself, TJX denies the allegations in Paragraph 191. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 191 and therefore denies them.

**Allegation No. 192:**       Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

**Response No. 192:**

With respect to TJX itself, TJX denies the allegations in Paragraph 192. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 192 and therefore denies them.

1   **Allegation No. 193:**      Defendants' acts of infringement, including continuing

2   the infringing activities after receiving notice of Defendants' direct and indirect

3   infringement, have been, and continue to be, willful and deliberate and therefore

4   warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of

5   enhanced damages pursuant to 35 U.S.C. § 284.

6   **Response No. 193:**

7        With respect to TJX itself, TJX denies the allegations in Paragraph 193.

8   With respect to any other defendant, TJX lacks knowledge or information

9   sufficient to form a belief as to the allegations in Paragraph 193 and therefore

10  denies them.

11  **TWELVETH  CAUSE OF ACTION**

12  Patent Infringement, 35 U.S.C., §§ 101 et seq.

13  'D986 Patent

14  (Against All Defendants)

15  **Allegation No. 194:**      Therabody realleges and incorporates by reference all

16  foregoing paragraphs as if fully set forth herein.

17  **Response No. 194:**

18       TJX realleges and incorporates by reference all foregoing paragraphs as if

19  fully set forth herein.

20

21  **Allegation No. 195:**      At all times herein mentioned the 'D986 Patent was and

22  is valid and fully enforceable.

23  **Response No. 195:**

24       TJX denies the allegations in Paragraph 195.

25

26  **Allegation No. 196:**      Defendants are offering percussive massage devices that

27  infringe the 'D986 Patent, including at least the First and Third Infringing

28  Devices, as shown below. As shown below, a side by side comparison of FIG. 2

of Therabody's 'D986 Patent and Defendants' First and Third Infringing Devices quickly reveals that the First and Third Infringing Devices appear substantially the same as Therabody's 'D986 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the First and Third Infringing Devices have a number of the same, or very similar, features as the design patented in the 'D986 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and First and Third Infringing Devices are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), (c) have a rounded head portion, and (d) circular medallion on the rounded head portion:

**Response No. 196:**

With respect to TJX itself, TJX denies the allegations in Paragraph 196. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 196 and therefore denies them.


**Allegation No. 197:**     Defendants have and continue to directly infringe the 'D986 Patent by making, using, offering for sale, selling and importing the First and Third Infringing Devices in conjunction with percussive massage devices competitive to Therabody.

**Response No. 197:**

With respect to TJX itself, TJX denies the allegations in Paragraph 197. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 197 and therefore denies them.

**Allegation No. 198:**      Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

**Response No. 198:**

With respect to TJX itself, TJX denies the allegations in Paragraph 198. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 198 and therefore denies them.

**Allegation No. 199:**      On information and belief, at least since the filing of this complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D986 Patent claims by, inter alia, marketing, promoting, and offering for use the First and Third Infringing Devices, knowingly and intending that the use of the First and Third Infringing Devices by Defendants' customers and by users infringes the 'D986 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the First and Third Infringing Devices knowing that their purchase and use infringes one or more claims of the 'D986 Patent.

**Response No. 199:**

With respect to TJX itself, TJX denies the allegations in Paragraph 199. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 199 and therefore denies them.

**Allegation No. 200:**      On information and belief, at least since the filing of this complaint, Defendants have contributed to the infringement of the 'D986 Patent by, inter alia, marketing and promoting the First and Third Infringing Devices to its customers and users. The First and Third Infringing Devices are not a staple article or commodity of commerce suitable for substantial non-infringing use and

EAST\190512846.3

1   is known by Defendants to be especially made or especially adapted to the

2   infringe the 'D986 Patent. As a result, Defendants' First and Third Infringing

3   Devices have been used by their customers and by users to infringe the 'D986

4   Patent. Defendants continue to engage in acts of contributory infringement of the

5   'D986 Patent even after receiving notice of their contributory infringement.

6   **Response No. 200:**

7        With respect to TJX itself, TJX denies the allegations in Paragraph 200.

8   With respect to any other defendant, TJX lacks knowledge or information

9   sufficient to form a belief as to the allegations in Paragraph 200 and therefore

10  denies them.

11

12  **Allegation No. 201:**      At no time has Therabody granted Defendants

13  authorization, license, or permission to utilize the design claimed in the 'D986

14  Patent.

15  **Response No. 201:**

16       With respect to TJX itself, TJX admits that to date Therabody has not

17  granted it an express license to the 'D986 Patent.  With respect to any other

18  defendant, TJX lacks knowledge or information sufficient to form a belief as to

19  the allegations in Paragraph 201 and therefore denies them.

20

21  **Allegation No. 202:**      Therabody has been damaged by Defendants' acts of

22  infringement of the 'D986 Patent and Therabody will continue to be damaged by

23  such infringement unless enjoined by this Court. Therabody is entitled to recover

24  damages adequate to compensate for the infringement under 35 U.S.C. § 284.

25  **Response No. 202:**

26       With respect to TJX itself, TJX denies the allegations in Paragraph 202.

27  With respect to any other defendant, TJX lacks knowledge or information

28  sufficient to form a belief as to the allegations in Paragraph 202 and therefore

denies them.

**Allegation No. 203:**       Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

**Response No. 203:**

With respect to TJX itself, TJX denies the allegations in Paragraph 203. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 203 and therefore denies them.

**Allegation No. 204:**       Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284

**Response No. 204:**

With respect to TJX itself, TJX denies the allegations in Paragraph 204. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 204 and therefore denies them.

## THIRTEENTH CAUSE OF ACTION

Patent Infringement, 35 U.S.C., §§ 101 et seq.

'D601 Patent

(Against All Defendants)

**Allegation No. 205:**     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 205:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 206:**     At all times herein mentioned the 'D601 Patent was and is valid and fully enforceable.

**Response No. 206:**

TJX denies the allegations in Paragraph 206.

**Allegation No. 207:**     Defendants are offering percussive massage devices that infringe the 'D601 Patent, including at least the First and Third Infringing Devices, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D601 Patent and Defendants' First and Third Infringing Devices quickly reveals that the First and Third Infringing Devices appear substantially the same as Therabody's 'D601 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one

1  supposing it to be the other. Among other things, an ordinary observer would

2  conclude that the First and Third Infringing Devices have a number of the same,

3  or very similar, features as the design patented in the 'D601 Patent that contribute

4  to an overall appearance that is substantially the same, including that both the

5  patented design and First and Third Infringing Devices are (a) triangular shaped,

6  (b) have the same relative dimensions (e.g., relative lengths of handle portions to

7  one another and the head portion), (c) have a rounded head portion, and (d)

8  circular medallion on the rounded head portion:

9  **Response No. 207:**

10      With respect to TJX itself, TJX denies the allegations in Paragraph 207.

11  With respect to any other defendant, TJX lacks knowledge or information

12  sufficient to form a belief as to the allegations in Paragraph 207 and therefore

13  denies them.

14

15  **Allegation No. 208:**      Defendants have and continue to directly infringe the

16  'D601 Patent by making, using, offering for sale, selling and importing the First

17  and Third Infringing Devices in conjunction with percussive massage devices

18  competitive to Therabody.

19  **Response No. 208:**

20      With respect to TJX itself, TJX denies the allegations in Paragraph 208.

21  With respect to any other defendant, TJX lacks knowledge or information

22  sufficient to form a belief as to the allegations in Paragraph 208 and therefore

23  denies them.

24

25  **Allegation No. 209:**      Defendants' infringement is based upon literal

26  infringement or infringement under the doctrine of equivalents, or both.

27  **Response No. 209:**

28      With respect to TJX itself, TJX denies the allegations in Paragraph 209.

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

1   With respect to any other defendant, TJX lacks knowledge or information

2   sufficient to form a belief as to the allegations in Paragraph 209 and therefore

3   denies them.

4

5   **Allegation No. 210:**     On information and belief, at least since Plaintiff's

6   August 11, 2021 letter, Defendants have knowingly and actively induced the

7   infringement of one or more of the 'D601 Patent claims by, inter alia, marketing,

8   promoting, and offering for use the First and Third Infringing Devices, knowingly

9   and intending that the use of the First and Third Infringing Devices by

10  Defendants' customers and by users infringes the 'D601 Patent. For example,

11  Defendants intend to induce such infringement by, among other things, promoting

12  users to purchase and use the First and Third Infringing Devices knowing that

13  their purchase and use infringes one or more claims of the 'D601 Patent.

14  **Response No. 210:**

15      With respect to TJX itself, TJX denies the allegations in Paragraph 210.

16  With respect to any other defendant, TJX lacks knowledge or information

17  sufficient to form a belief as to the allegations in Paragraph 210 and therefore

18  denies them.

19

20  **Allegation No. 211:**     On information and belief, at least since Plaintiff's

21  August 11, 2021 letter, Defendants have contributed to the infringement of the

22  'D601 Patent by, inter alia, marketing and promoting the First and Third

23  Infringing Devices to its customers and users. The First and Third Infringing

24  Devices are not a staple article or commodity of commerce suitable for substantial

25  non-infringing use and is known by Defendants to be especially made or

26  especially adapted to the infringe the 'D601 Patent. As a result, Defendants' First

27  and Third Infringing Devices have been used by their customers and by users to

28  infringe the 'D601 Patent. Defendants continue to engage in acts of contributory

1  infringement of the 'D601 Patent even after receiving notice of their contributory

2  infringement.

3  **Response No. 211:**

4      With respect to TJX itself, TJX denies the allegations in Paragraph 211.

5  With respect to any other defendant, TJX lacks knowledge or information

6  sufficient to form a belief as to the allegations in Paragraph 211 and therefore

7  denies them.

8

9  **Allegation No. 212:**    At no time has Therabody granted Defendants

10  authorization, license, or permission to utilize the design claimed in the 'D601

11  Patent.

12  **Response No. 212:**

13      With respect to TJX itself, TJX admits that to date Therabody has not

14  granted it an express license to the 'D601 Patent.  With respect to any other

15  defendant, TJX lacks knowledge or information sufficient to form a belief as to

16  the allegations in Paragraph 212 and therefore denies them.

17

18  **Allegation No. 213:**    Therabody has been damaged by Defendants' acts of

19  infringement of the 'D601 Patent and Therabody will continue to be damaged by

20  such infringement unless enjoined by this Court. Therabody is entitled to recover

21  damages adequate to compensate for the infringement under 35 U.S.C. § 284.

22  **Response No. 213:**

23      With respect to TJX itself, TJX denies the allegations in Paragraph 213.

24  With respect to any other defendant, TJX lacks knowledge or information

25  sufficient to form a belief as to the allegations in Paragraph 213 and therefore

26  denies them.

27

28

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

**Allegation No. 214:**      Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

**Response No. 214:**

With respect to TJX itself, TJX denies the allegations in Paragraph 214. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 214 and therefore denies them.

**Allegation No. 215:**      Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

**Response No. 215:**

With respect to TJX itself, TJX denies the allegations in Paragraph 215.

1   With respect to any other defendant, TJX lacks knowledge or information

2   sufficient to form a belief as to the allegations in Paragraph 215 and therefore

3   denies them.

4

5   **FOURTEENTH CAUSE OF ACTION**

6   Patent Infringement, 35 U.S.C., §§ 101 et seq.

7   'D573 Patent

8   (Against All Defendants)

9   **Allegation No. 216:**      Therabody realleges and incorporates by reference all

10  foregoing paragraphs as if fully set forth herein.

11  **Response No. 216:**

12       TJX realleges and incorporates by reference all foregoing paragraphs as if

13  fully set forth herein.

14

15  **Allegation No. 217:**      At all times herein mentioned the 'D573 Patent was and

16  is valid and fully enforceable.

17  **Response No. 217:**

18       TJX denies the allegations in Paragraph 217.

19

20  **Allegation No. 218:**      Defendants are offering percussive massage devices that

21  infringe the 'D573 Patent, including at least the First and Third Infringing

22  Devices, as shown above. As shown below, a side by side comparison of FIG. 2 of

23  Therabody's 'D573 Patent and Defendants' First and Third Infringing Devices

24  quickly reveals that the First and Third Infringing Devices appear substantially the

25  same as Therabody's 'D573 Patent to an ordinary observer; the resemblance is

26  such as to deceive such an observer, inducing him or her to purchase one

27  supposing it to be the other. Among other things, an ordinary observer would

28  conclude that the First and Third Infringing Devices have a number of the same,

1  or very similar, features as the design patented in the 'D573 Patent that contribute

2  to an overall appearance that is substantially the same, including that both the

3  patented design and First and Third Infringing Devices are (a) triangular shaped,

4  (b) have the same relative dimensions (e.g., relative lengths of handle portions to

5  one another and the head portion), (c) have a rounded head portion, and (d)

6  circular medallion on the rounded head portion, and (e) a key-design extending

7  from the rounded head portion along the third handle portion:

8  **Response No. 218:**

9       With respect to TJX itself, TJX denies the allegations in Paragraph 218.

10  With respect to any other defendant, TJX lacks knowledge or information

11  sufficient to form a belief as to the allegations in Paragraph 218 and therefore

12  denies them.

13

14  **Allegation No. 219:**      Defendants have and continue to directly infringe the

15  'D573 Patent by making, using, offering for sale, selling and importing the First

16  and Third Infringing Devices in conjunction with percussive massage devices

17  competitive to Therabody.

18  **Response No. 219:**

19       With respect to TJX itself, TJX denies the allegations in Paragraph 219.

20  With respect to any other defendant, TJX lacks knowledge or information

21  sufficient to form a belief as to the allegations in Paragraph 219 and therefore

22  denies them.

23

24  **Allegation No. 220:**      Defendants' infringement is based upon literal

25  infringement or infringement under the doctrine of equivalents, or both.

26  **Response No. 220:**

27       With respect to TJX itself, TJX denies the allegations in Paragraph 220.

28  With respect to any other defendant, TJX lacks knowledge or information

EAST\190512846.3

1    sufficient to form a belief as to the allegations in Paragraph 220 and therefore

2    denies them.

3

4    **Allegation No. 221:**      On information and belief, at least since Plaintiff's

5    August 11, 2021 letter, Defendants have knowingly and actively induced the

6    infringement of one or more of the 'D573 Patent claims by, inter alia, marketing,

7    promoting, and offering for use the First and Third Infringing Devices, knowingly

8    and intending that the use of the First and Third Infringing Devices by

9    Defendants' customers and by users infringes the 'D573 Patent. For example,

10   Defendants intend to induce such infringement by, among other things, promoting

11   users to purchase and use the First and Third Infringing Devices knowing that

12   their purchase and use infringes one or more claims of the 'D573 Patent.

13   **Response No. 221:**

14        With respect to TJX itself, TJX denies the allegations in Paragraph 221.

15   With respect to any other defendant, TJX lacks knowledge or information

16   sufficient to form a belief as to the allegations in Paragraph 221 and therefore

17   denies them.

18

19   **Allegation No. 222:**      On information and belief, at least since Plaintiff's

20   August 11, 2021 letter, Defendants have contributed to the infringement of the

21   'D573 Patent by, inter alia, marketing and promoting the First and Third

22   Infringing Devices to its customers and users. The First and Third Infringing

23   Devices are not a staple article or commodity of commerce suitable for substantial

24   non-infringing use and is known by Defendants to be especially made or

25   especially adapted to the infringe the 'D573 Patent. As a result, Defendants' First

26   and Third Infringing Devices have been used by their customers and by users to

27   infringe the 'D573 Patent. Defendants continue to engage in acts of contributory

28

1    infringement of the 'D573 Patent even after receiving notice of their contributory

2    infringement.

3    **Response No. 222:**

4         With respect to TJX itself, TJX denies the allegations in Paragraph 222.

5    With respect to any other defendant, TJX lacks knowledge or information

6    sufficient to form a belief as to the allegations in Paragraph 222 and therefore

7    denies them.

8

9    **Allegation No. 223:**     At no time has Therabody granted Defendants

10   authorization, license, or permission to utilize the design claimed in the 'D573

11   Patent.

12   **Response No. 223:**

13        With respect to TJX itself, TJX admits that to date Therabody has not

14   granted it an express license to the 'D573 Patent.  With respect to any other

15   defendant, TJX lacks knowledge or information sufficient to form a belief as to

16   the allegations in Paragraph 223 and therefore denies them.

17

18   **Allegation No. 224:**     Therabody has been damaged by Defendants' acts of

19   infringement of the 'D573 Patent and Therabody will continue to be damaged by

20   such infringement unless enjoined by this Court. Therabody is entitled to recover

21   damages adequate to compensate for the infringement under 35 U.S.C. § 284.

22   **Response No. 224:**

23        With respect to TJX itself, TJX denies the allegations in Paragraph 224.

24   With respect to any other defendant, TJX lacks knowledge or information

25   sufficient to form a belief as to the allegations in Paragraph 224 and therefore

26   denies them.

27

28

**Allegation No. 225:**     Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

**Response No. 225:**

With respect to TJX itself, TJX denies the allegations in Paragraph 225. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 225 and therefore denies them.


**Allegation No. 226:**     Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

**Response No. 226:**

With respect to TJX itself, TJX denies the allegations in Paragraph 226.

1  With respect to any other defendant, TJX lacks knowledge or information

2  sufficient to form a belief as to the allegations in Paragraph 226 and therefore

3  denies them.

4

5  **FIFTEENTH CAUSE OF ACTION**

6  Patent Infringement, 35 U.S.C., §§ 101 et seq.

7  'D396 Patent

8  (Against All Defendants)

9  **Allegation No. 227:**      Therabody realleges and incorporates by reference all

10  foregoing paragraphs as if fully set forth herein.

11  **Response No. 227:**

12      TJX realleges and incorporates by reference all foregoing paragraphs as if

13  fully set forth herein.

14

15  **Allegation No. 228:**      At all times herein mentioned the 'D396 Patent was and

16  is valid and fully enforceable.

17  **Response No. 228:**

18      TJX denies the allegations in Paragraph 228.

19

20  **Allegation No. 229:**      Defendants are offering percussive massage devices that

21  infringe the 'D396 Patent, including at least the First and Third Infringing

22  Devices, as shown below. As shown below, a side by side comparison of FIG. 2

23  of Therabody's 'D396 Patent and Defendants' First and Third Infringing Devices

24  quickly reveals that the First and Third Infringing Devices appear substantially the

25  same as Therabody's 'D396 Patent to an ordinary observer; the resemblance is

26  such as to deceive such an observer, inducing him or her to purchase one

27  supposing it to be the other. Among other things, an ordinary observer would

28  conclude that the First and Third Infringing Devices have a number of the same,

1  or very similar, features as the design patented in the 'D396 Patent that contribute

2  to an overall appearance that is substantially the same, including that both the

3  patented design and First and Third Infringing Devices are (a) triangular shaped,

4  (b) have the same relative dimensions (e.g., relative lengths of handle portions to

5  one another and the head portion), (c) have a rounded head portion, and (d)

6  circular medallion on the rounded head portion, and (e) a key-design extending

7  from the rounded head portion along the third handle portion:

8  **Response No. 229:**

9      With respect to TJX itself, TJX denies the allegations in Paragraph 229.

10 With respect to any other defendant, TJX lacks knowledge or information

11 sufficient to form a belief as to the allegations in Paragraph 229 and therefore

12 denies them.

13

14 **Allegation No. 230:**     Defendants have and continue to directly infringe the

15 'D396 Patent by making, using, offering for sale, selling and importing the First

16 and Third Infringing Devices in conjunction with percussive massage devices

17 competitive to Therabody.

18 **Response No. 230:**

19      With respect to TJX itself, TJX denies the allegations in Paragraph 230.

20 With respect to any other defendant, TJX lacks knowledge or information

21 sufficient to form a belief as to the allegations in Paragraph 230 and therefore

22 denies them.

23

24 **Allegation No. 231:**     Defendants' infringement is based upon literal

25 infringement or infringement under the doctrine of equivalents, or both.

26 **Response No. 231:**

27      With respect to TJX itself, TJX denies the allegations in Paragraph 231.

28 With respect to any other defendant, TJX lacks knowledge or information

1    sufficient to form a belief as to the allegations in Paragraph 231 and therefore

2    denies them.

3

4    **Allegation No. 232:**      On information and belief, at least since Plaintiff's

5    August 11, 2021 letter, Defendants have knowingly and actively induced the

6    infringement of one or more of the 'D396 Patent claims by, inter alia, marketing,

7    promoting, and offering for use the First and Third Infringing Devices, knowingly

8    and intending that the use of the First and Third Infringing Devices by

9    Defendants' customers and by users infringes the 'D396 Patent. For example,

10   Defendants intend to induce such infringement by, among other things, promoting

11   users to purchase and use the First and Third Infringing Devices knowing that

12   their purchase and use infringes one or more claims of the 'D396 Patent.

13   **Response No. 232:**

14       With respect to TJX itself, TJX denies the allegations in Paragraph 232.

15   With respect to any other defendant, TJX lacks knowledge or information

16   sufficient to form a belief as to the allegations in Paragraph 232 and therefore

17   denies them.

18

19   **Allegation No. 233:**      On information and belief, at least since Plaintiff's

20   August 11, 2021 letter, Defendants have contributed to the infringement of the

21   'D396 Patent by, inter alia, marketing and promoting the First and Third

22   Infringing Devices to its customers and users. The First and Third Infringing

23   Devices are not a staple article or commodity of commerce suitable for substantial

24   non-infringing use and is known by Defendants to be especially made or

25   especially adapted to the infringe the 'D396 Patent. As a result, Defendants' First

26   and Third Infringing Devices has been used by their customers and by users to

27   infringe the 'D396 Patent. Defendants continue to engage in acts of contributory

28

EAST\190512846.3

infringement of the 'D396 Patent even after receiving notice of their contributory infringement.

**Response No. 233:**

With respect to TJX itself, TJX denies the allegations in Paragraph 233. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 233 and therefore denies them.

**Allegation No. 234:**     At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D396 Patent.

**Response No. 234:**

With respect to TJX itself, TJX admits that to date Therabody has not granted it an express license to the 'D396 Patent.  With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 234 and therefore denies them.

**Allegation No. 235:**     Therabody has been damaged by Defendants' acts of infringement of the 'D396 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

**Response No. 235:**

With respect to TJX itself, TJX denies the allegations in Paragraph 235. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 235 and therefore denies them.

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT
EAST\190512846.3

1  **Allegation No. 236:**        Therabody is, and has been, irreparably harmed by

2  Defendants' ongoing infringement including the following harm which cannot be

3  quantified or recouped through monetary damages: (1) lost market share that will

4  be difficult, if not impossible, to recoup later as the First and Third Infringing

5  Devices become entrenched with retail sellers and trainers who recommend them

6  to their clients, (2) loss of first mover advantage that Therabody enjoyed as the

7  first company to offer its innovative percussive devices and patented attachments,

8  (3) loss of Therabody's investment in building up the market for percussive

9  devices, (4) negative effect on its reputation as innovator and pioneer, (5) the

10  unquantifiable effect on lost sales of related products, (6) price erosion due to

11  Defendants' First and Third Infringing Devices being sold at a price point lower

12  than Therabody's patented product, (7) diversion of resources to defend against

13  loss of market share caused by sales of the First and Third Infringing Devices, and

14  (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell

15  infringing attachments that leads to additional irreparable harm described above.

16  **Response No. 236:**

17         With respect to TJX itself, TJX denies the allegations in Paragraph 236.

18  With respect to any other defendant, TJX lacks knowledge or information

19  sufficient to form a belief as to the allegations in Paragraph 236 and therefore

20  denies them.

21

22  **Allegation No. 237:**        Defendants' acts of infringement, including continuing

23  the infringing activities after receiving notice of Defendants' direct and indirect

24  infringement, have been, and continue to be, willful and deliberate and therefore

25  warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of

26  enhanced damages pursuant to 35 U.S.C. § 284.

27  **Response No. 237:**

28         With respect to TJX itself, TJX denies the allegations in Paragraph 237.

With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 237 and therefore denies them.

## SIXTEENTH CAUSE OF ACTION

Patent Infringement, 35 U.S.C., §§ 101 et seq.

'D915 Patent

(Against All Defendants)

**Allegation No. 238:**      Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 238:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 239:**      At all times herein mentioned the 'D915 Patent was and is valid and fully enforceable

**Response No. 239:**

TJX denies the allegations in Paragraph 239.

**Allegation No. 240:**      Defendants are offering percussive massage devices that infringe the 'D915 Patent, including at least the First and Third Infringing Devices, as shown below. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D915 Patent and Defendants' First and Third Infringing Devices quickly reveals that the First and Third Infringing Devices appear substantially the same as Therabody's 'D915 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would

conclude that the First and Third Infringing Devices have a number of the same, or very similar, features as the design patented in the 'D915 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and First and Third Infringing Devices are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), (c) have a rounded head portion, and (d) circular medallion on the rounded head portion, and (e) a key-design extending from the rounded head portion along the third handle portion:

**Response No. 240:**

With respect to TJX itself, TJX denies the allegations in Paragraph 240. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 240 and therefore denies them.

**Allegation No. 241:**    Defendants have and continue to directly infringe the 'D915 Patent by making, using, offering for sale, selling and importing the First and Third Infringing Devices in conjunction with percussive massage devices competitive to Therabody.

**Response No. 241:**

With respect to TJX itself, TJX denies the allegations in Paragraph 241. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 241 and therefore denies them.

**Allegation No. 242:**    Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

**Response No. 242:**

With respect to TJX itself, TJX denies the allegations in Paragraph 242.

1   With respect to any other defendant, TJX lacks knowledge or information

2   sufficient to form a belief as to the allegations in Paragraph 242 and therefore

3   denies them.

4

5   **Allegation No. 243:**      On information and belief, at least since Plaintiff's

6   August 11, 2021 letter, Defendants have knowingly and actively induced the

7   infringement of one or more of the 'D915 Patent claims by, inter alia, marketing,

8   promoting, and offering for use the First and Third Infringing Devices, knowingly

9   and intending that the use of the First and Third Infringing Devices by

10   Defendants' customers and by users infringes the 'D915 Patent. For example,

11   Defendants intend to induce such infringement by, among other things, promoting

12   users to purchase and use the First and Third Infringing Devices knowing that

13   their purchase and use infringes one or more claims of the 'D915 Patent.

14   **Response No. 243:**

15        With respect to TJX itself, TJX denies the allegations in Paragraph 243.

16   With respect to any other defendant, TJX lacks knowledge or information

17   sufficient to form a belief as to the allegations in Paragraph 243 and therefore

18   denies them.

19

20   **Allegation No. 244:**      On information and belief, at least since Plaintiff's

21   August 11, 2021 letter, Defendants have contributed to the infringement of the

22   'D915 Patent by, inter alia, marketing and promoting the First and Third

23   Infringing Devices to its customers and users. The First and Third Infringing

24   Devices are not a staple article or commodity of commerce suitable for substantial

25   non-infringing use and is known by Defendants to be especially made or

26   especially adapted to the infringe the 'D915 Patent. As a result, Defendants' First

27   and Third Infringing Devices have been used by their customers and by users to

28   infringe the 'D915 Patent. Defendants continue to engage in acts of contributory

1  infringement of the 'D915 Patent even after receiving notice of their contributory

2  infringement.

3  **Response No. 244:**

4      With respect to TJX itself, TJX denies the allegations in Paragraph 244.

5  With respect to any other defendant, TJX lacks knowledge or information

6  sufficient to form a belief as to the allegations in Paragraph 244 and therefore

7  denies them.

8

9  **Allegation No. 245:**     At no time has Therabody granted Defendants

10  authorization, license, or permission to utilize the design claimed in the 'D915

11  Patent.

12  **Response No. 245:**

13      With respect to TJX itself, TJX admits that to date Therabody has not

14  granted it an express license to the 'D915 Patent.  With respect to any other

15  defendant, TJX lacks knowledge or information sufficient to form a belief as to

16  the allegations in Paragraph 245 and therefore denies them.

17

18  **Allegation No. 246:**     Therabody has been damaged by Defendants' acts of

19  infringement of the 'D915 Patent and Therabody will continue to be damaged by

20  such infringement unless enjoined by this Court. Therabody is entitled to recover

21  damages adequate to compensate for the infringement under 35 U.S.C. § 284.

22  **Response No. 246:**

23      With respect to TJX itself, TJX denies the allegations in Paragraph 246.

24  With respect to any other defendant, TJX lacks knowledge or information

25  sufficient to form a belief as to the allegations in Paragraph 245 and therefore

26  denies them.

27

28

**Allegation No. 247:**      Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the First and Third Infringing Devices become entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' First and Third Infringing Devices being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the First and Third Infringing Devices, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

**Response No. 247:**

With respect to TJX itself, TJX denies the allegations in Paragraph 247. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 247 and therefore denies them.


**Allegation No. 248:**      Defendants' acts of infringement, including continuing the infringing activities after receiving notice of Defendants' direct and indirect infringement, have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

**Response No. 248:**

With respect to TJX itself, TJX denies the allegations in Paragraph 248.

With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 248 and therefore denies them.

## **SEVENTEENTH CAUSE OF ACTION**

State Unfair Business Practices, Cal. Bus. & Prof. Code § 17200

(Against All Defendants)

**Allegation No. 249:**     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Response No. 249:**

TJX realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

**Allegation No. 250:**     Defendants' acts of trademark, trade dress, false designation of origin, and unfair competition alleged herein constitute unlawful, unfair and fraudulent business practices and misleading advertising pursuant to Cal. Bus. & Prof. Code § 17200.

**Response No. 250:**

With respect to TJX itself, TJX denies the allegations in Paragraph 250. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 250 and therefore denies them.

**Allegation No. 251:**     Therabody has been damaged and will continue to be damaged by Defendants' unlawful, unfair and fraudulent business practices and misleading advertising, as described above.

**Response No. 251:**

With respect to TJX itself, TJX denies the allegations in Paragraph 251.

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT
EAST\190512846.3

With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 251 and therefore denies them.

**Allegation No. 252:**     Pursuant to Cal. Bus. & Prof. Code § 17200, Plaintiff is entitled to an injunction prohibiting Defendants from continuing the practices described above, and restitution of all amounts acquired by Defendants by means of such wrongful acts.

**Response No. 252:**

With respect to TJX itself, TJX denies the allegations in Paragraph 252. With respect to any other defendant, TJX lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 252 and therefore denies them.

## **PRAYER FOR RELIEF**

TJX denies each and every allegation contained in the Prayer for Relief including (without limitation) Therabody's allegation that it is entitled or should be granted any relief in this matter, including any of the relief Therabody seeks in Paragraphs A through P.

## **TJX'S ADDITIONAL DEFENSES**
### **FIRST ADDITIONAL DEFENSE**

Upon information and belief, and without prejudice to further amendment upon information found during discovery, each asserted claim of the patents asserted by Therabody is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 171.  Among other things, the design patents-in-suit are invalid due to their

functionality, and all patents-in-suit are invalid as anticipated, obvious and lacking patentable subject matter.

## SECOND ADDITIONAL DEFENSE

TJX does not infringe any of the claims of the patents-in-suit directly or indirectly, literally or under the doctrine of equivalents.

## THIRD ADDITIONAL DEFENSE

Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the applications resulting in the issuance of the patents asserted by Therabody, namely, the admissions, representations, and amendments made on behalf of the applicants for those patents, Therabody is estopped from extending the coverage of the asserted claims in the asserted patents, including under the doctrine of equivalents, to cover the accused instrumentalities.

## FOURTH ADDITIONAL DEFENSE

Upon information and belief, Therabody has made claims that are barred in whole or in part by the doctrines of acquiescence, estoppel, laches, waiver and/or unclean hands.

## FIFTH ADDITIONAL DEFENSE

Therabody's pre-lawsuit claims for damages as to the asserted patents are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287, and its damages are limited under 35 U.S.C. § 286.

## SIXTH ADDITIONAL DEFENSE

Therabody has failed to state a claim against TJX upon which relief may be

granted.

## SEVENTH ADDITIONAL DEFENSE

Therabody engaged in trademark misuse by having wrongfully asserted, or attempted to extend the scope of, the alleged trademarks or trade dress.

## EIGHTH ADDITIONAL DEFENSE

Any use by TJX of the trademarks or trade dress that are the subject of the Complaint is a fair use.

## NINTH ADDITIONAL DEFENSE

The trade dress Therabody asserts is functional.

## TENTH ADDITIONAL DEFENSE

Therabody's trademarks and trade dress are not distinctive and lack secondary meaning.

TJX reserves all additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Lanham Act, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## JURY DEMAND

TJX hereby claims a jury as to all claims and defenses so triable.

## PRAYER FOR RELIEF

WHEREFORE, TJX respectfully prays that judgment be entered in their favor and against Plaintiff as follows:

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT

EAST\190512846.3

A. Enter judgment against Plaintiff and in favor of TJX, thereby dismissing Plaintiff's Complaint with prejudice, and order that Plaintiff is entitled to no recovery on the Complaint;

B. Find that TJX has not infringed and is not infringing any valid claim of the Patents-in-Suit, either directly or indirectly, literally or under the doctrine of equivalents, contributorily, willfully, or otherwise, and have not induced others to infringe the Patents-in-Suit;

C.  Find that TJX has not infringed and is not infringing Plaintiff's trademarks and trade dress, and that Plaintiff is without right or authority to object to TJX's alleged action on the basis of the alleged infringement, unfair competition, or unfair business practices under federal or state law;

D. Find that the claims of the Patents-in-Suit, and Plaintiff's trademarks and trade dress, are invalid;

E. Find that no damages or royalties are due for any of the acts alleged by Plaintiff in its Complaint;

F. Find that this is an exceptional case pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117, and award TJX its attorneys' fees and full costs of suit; and

G. Grant such other further relief as the Court may deem proper and just.


Dated:   April 20, 2022               **DLA PIPER LLP (US)**


                                      By: /s/  Michael D. Jay
                                         MICHAEL D. JAY
                                         Attorneys for Defendant
                                         THE TJX COMPANIES, INC.

THE TJX COMPANIES, INC.'S ANSWER AND ADDITIONAL DEFENSES
TO FIRST AMENDED COMPLAINT
EAST\190512846.3