Michael Gabriel, Esq.
Andrew Bochner, Esq.
BOCHNER IP, PLLC
295 Madison Ave., 12th Floor
New York, NY 100017
(646) 971-0685
e-mail: michael@bochnerip.com

Ajay Gupta, Esq. (Cal. Bar #242132)
Chris S. Evans, Esq. (Cal. Bar # 293785)
GUPTA EVANS AND AYRES, PC
1620 5th Avenue, Suite 650
San Diego, CA  92101
(619) 866-3444
(619) 330-2055 Facsimile
e-mail:  ce@socal.law

Attorneys for Defendant
LEGEND GROUP INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFONIA

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LEGEND GROUP INC., a New York corporation; DOES 1 through 10, inclusive, and TJX Companies, Inc.<br><br>Defendants. | **CASE NO.: 2:21-cv-09079-MCS-MAA**<br><br>**DEFENDANT'S NOTICE AND MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**DATE:** **June 13, 2022**<br>**TIME:** **9:00 A.M.**<br>**JUDGE:** **Hon. Mark C. Scarsi**<br>**COURTROOM: 7C** |

-0-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on June 13, 2022, at 9:00 A.M, before the Honorable Mark C. Scarsi, District Judge of the above-referenced Court located at First Street Courthouse, 350 W. 1st Street, Courtroom 7C, 7th Floor, Los Angeles, California 90012, LEGEND GROUP INC., ("Defendant Legend") will respectfully move this Court for an order dismissing Plaintiff THERABODY, INC.'s ("Plaintiff") Second Amended Complaint pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1400(b) on the grounds that Defendant Legend does not have sufficient contacts with the state of California to subject it to the general or specific personal jurisdiction of this Court and that this action is filed in an improper venue.

This Motion is based upon this Notice of Motion, the Memorandum in support thereof, the Declarations of Joseph Dana and Michael G. Gabriel, all pleadings, records, and documents on file herein, and upon such other evidence, oral and documentary, as may be presented to the Court at or before the hearing on this Motion. This motion is made following the conference of counsel pursuant to Local Rule 7-3, held between April 8, 2022 and April 20, 2022.

As discussed in the accompanying Memorandum, Defendant Legend is a New York corporation with its principal place of business in New York and no contacts to California that would subject it to being haled to California to defend against this action. Defendant Legend does not seek to derive sales in California by appointing a sales representative in California. Defendant Legend does not have any offices in California. Defendant Legend does not direct any advertisements for its products including the accused products in question, to California consumers, nor does defendant specifically target, geographically or otherwise, California consumers. In sum, Defendant Legend does not have any ties, connections, or

relations with California as could justify requiring Defendant Legend to appear and defend itself in California.

In addition, because Defendant Legend is not incorporated nor engaging in a regular and established place of business in California, Defendant Legend does not "reside" in California as defined by 28 U.S.C. § 1400(b), and venue for this action is improper given the patent infringement claims.

Respectfully submitted,

Dated: April 20, 2022                    /s/ Chris S. Evans, Esq.

Chris S. Evans, Esq.
Ajay Gupta, Esq.
*Attorneys for Defendant*
*LEGEND GROUP, INC.*

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.     **INTRODUCTION** ...................................................................... 1

II.    **FACTUAL BACKGROUND** ................................................ 1

III.   **LEGAL STANDARDS** ......................................................... 5

     A.     **Rule 12(b)(2) of the Federal Rule of Civil Procedure.** ................... 5

     B.     **Rule 12(b)(3) of the Federal Rule of Civil Procedure, and 28 U.S.C. § 1400(b).** .............................................................. 5

IV.   **ARGUMENT** ......................................................................... 6

     A.     **The Court Lacks Personal Jurisdiction Over Legend, and on this basis Alone Should Dismiss Plaintiff's Second Amended Complaint.** .................................................. 6

         1.     ***Plaintiff Cannot Establish General Jurisdiction Over Legend.*** ................................................................ 6

         2.     ***Plaintiff Cannot Establish that Specific Personal Jurisdiction Applies Over Legend.*** ...................... 7

     B.     **This Court Must Dismiss Defendant Because This Action is Filed in an Improper Venue.** .......................... 16

V.     **CONCLUSION** ................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Akurate Dynamics, LLC v. Carlisle Fluid Techs*., Inc., No. 6:20-cv-606-ADA, 2021 WL 860006 (W.D. Tex. Mar. 8, 2021)..............................................17

*AMA Multimedia, LLC v. Wanat,* 970 F.3d 1201 (9th Cir. 2020), cert. denied, 142 S. Ct. 76 (2021)......................................................................................13

*Axiom Foods*, 874 F.3d at 1070 ...............................................................15

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc*., 223 F.3d 1082 (9th Cir. 2000) ....15

*Bondit LLC v. Hallows Movie Inc.*, No. 2:19-CV-09832-SB-RAO, 2020 WL 7775619 (C.D. Cal. Nov. 23, 2020) ..................................................5, 7, 8

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008)..............................5, 8, 13

*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) ....................6

*Bubble Genius LLC v. Smith*, 2015 WL 4399483 (C.D. Cal. 2015) .......................12

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ..................................15

*Calder v. Jones*, 465 U.S. 783 (1984) ..................................................9, 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014)...............................................6

*DirectTV, Inc. v. Leo*, 2010 WL 2740072 (C.D. Cal. Jul. 8, 2010) .......................17

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) ............................7, 9

*E-Z Dock, Inc. v. Snap Dock, LLC,* No. 2:21-CV-450-SPC-NPM, 2021 WL 4748728 (M.D. Fla. Oct. 12, 2021) .....................................................16

*Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222 (1957)................16

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450(9th Cir. 2007) ..9, 10, 11

*Imageline, Inc. v. Hendricks*, 2009 WL 10286181 (C.D. Cal. Aug. 12, 2009).......12

*Johnson v. Payless Drug Stores Northwest, Inc*., 950 F.2d 586 (9th Cir. 1991) ....17

-ii-

*Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857 (9th Cir. 2003)...............14

*Matus v. Premium Nutraceuticals*, LLC, 2016 WL 3078745 (C.D. Cal. 2016) .....12

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) ........12, 13

*Midcap Funding XVIII Trust v. CSC Logic, Inc.*, No. 2:20-cv-09648-CAS-RAOx,
   2021 WL 949601 (C.D. Cal. Mar. 12, 2021) ......................................................5, 7

*Mut. Trading Co. v. Kabushiki Kaisha*, No. CV 20-05815PA (GJSX), 2021 WL
   515399 (C.D. Cal. Feb. 3, 2021) .........................................................................11

*Nutrition Distribution LLC v. Fulfillment Pros LLC*, No. 16-CV-03115-BAS-
   JLB, 2017 WL 3605340 (S.D. Cal. Aug. 21, 2017)............................................14

*P & P Imports LLC v. OJ Commerce, LLC*, No. SACV 19-00898 AG (KESx),
   2019 WL 8012690 (C.D. Cal. Oct. 4, 2019) .......................................................13

*Parnell Pharm., Inc. v. Parnell, Inc.,* No. 5:14-cv-03158-EJD, 2015 WL 5728396
   (N.D. Cal. 2015) .....................................................................................................9

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004)........6, 14

*Simpkins v. District of Columbia Gov't*, 108 F.3d 366 (D.C. Cir. 1997) ...............17

*Spy Optic, Inc. v. AreaTrend, LLC*, No. 20-55438, 2021 WL 225628 (9th Cir. Jan.
   22, 2021) ...............................................................................................................11

*Sussman v. Playa Grande Resort*, S.A. de C.V, No. 20-55563, 2021 WL 860044 .6,
   9, 12

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) ..5, 16

*Terracom v. Valley Nat'l Bank*, 49 F.3d 555 (9th Cir. 1995)..................................14

*ThermoLife Int'l, LLC v. NetNutri.com LLC*, 813 F. App'x 316 (9th Cir. 2020)....12

*Vitamins Online v. Dynamic Indus.*, No. 2:13-CV-665 TS, 2014 WL545864 (D.
   Utah Feb. 10, 2014) ..............................................................................................13

*Walden v. Fiore*, 571 U.S. 277 (2014) ............................................................12, 13

///

///

**LEGEND GROUP INC.'S MOTION TO DISMISS COMPLAINT**
**Case No.: 2:21-cv-09079-MCS-MAA**

### **Statutes**

28 U.S.C. § 1391(c) ................................................................................. 16

28 U.S.C. § 1400(b) ........................................................................ 1, 5, 16

Federal Rule of Civil Procedure 12(b)(2) .......................................... 5, 14

Federal Rule of Civil Procedure 12(b)(3) ............................................. 17

**LEGEND GROUP INC.'S MOTION TO DISMISS COMPLAINT**
**Case No.: 2:21-cv-09079-MCS-MAA**

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## I.   INTRODUCTION

This is an action for alleged trademark infringement, trade dress infringement, utility patent infringement, and design patent infringement against Defendant Legend Group Inc. ("Legend" or "Defendant"), a New York corporation with its principal place of business in Brooklyn, New York.  Legend does not own or rent any physical offices in California and has no contacts to California that would subject it to being haled there to defend against this action. Legend is a New York corporation with its principal place of business in New York. Legend does not seek to derive sales in California by appointing a sales representative in California. Legend does not have any offices in California. Legend does not direct any advertisements for its products including the accused products in question, to California consumers, nor does Legend specifically target, geographically or otherwise, California consumers. In sum, Legend does not have any ties, connections, or relations with California as could justify requiring Legend to appear and defend itself in California.

In addition, because Legend is not incorporated nor engaging in a regular and established place of business in California, Legend does not "reside" in California as defined by 28 U.S.C. § 1400(b), and venue for this action is improper given the patent infringement claims.

## II.   FACTUAL BACKGROUND

Therabody alleges ownership of several trademarks, trade dress, designs patents and utility patents related to its percussive massage guns.  Therabody has asserted that at least one of each of two Legend percussive massage guns ("the Accused Products") infringe each of its asserted intellectual property.

On November 19, 2021, Therabody filed its original complaint against only Legend.   (Dkt. 1). On February 2, 2022, Therabody filed its First Amended

-1-

Complaint (the "FAC") (Dkt. 17), adding Legend's customer TJX to the complaint for infringement by the same accused products.  On April 6, 2022, pursuant to stipulation (Dkt. 30), Therabody filed its Second Amended Complaint (the "SAC") (Dkt. 33.)

Pursuant to L.R. 7-3, the parties conferred telephonically beginning on February 14, 2022 and continuing through April 20, 2022, during which each basis for this motion were discussed. See Declaration of Michael G. Gabriel ("Gabriel Decl.") at ¶¶ 3-7.  Following the unsuccessful meet and confer efforts, Defendant Legend now submits the present motion to dismiss. *Id.* at ¶ 8.

As detailed below, Plaintiffs have not established that this Court has personal jurisdiction over Defendant or that this is the proper venue for this action involving a multiple design patent and utility patent infringement claims.

In support of personal jurisdiction, Therabody alleges that Legend "has offices in this District, including at 6315 Chalet Drive, Commerce, CA 90040 and 16804 Gridley Place, Cerritos, CA 90703." SAC at ¶ 10.  This allegation however is factually incorrect and is directly contradicted by the Legend's President, Joseph Dana, in the Declaration of Joseph Dana in support of this motion ("Dana Decl.", ¶¶ 5-6.  Specifically, Legend <u>does not</u> and <u>has not ever</u> had offices at 6315 Chalet Drive, Commerce, CA 90040 and 16804 Gridley Place, Cerritos, CA 90703. These addresses are believed to be addresses of facilities used by a third-party logistics ("3PL") company West Coast Transport Lines. *Id.*

Therabody then alleges, without factual support, that "Defendants have committed acts of infringement in this District, including the distribution, promoting, marketing, selling, offering for sale, importing, and/or advertising their infringing products in or to this District and/or to businesses and individuals in this District. Therabody is further informed and believes and, based thereon, alleges that Defendants derive substantial revenue from the distribution, promotion,

-2-

**LEGEND GROUP INC.'S MOTION TO DISMISS COMPLAINT**
**Case No.: 2:21-cv-09079-MCS-MAA**

marketing, sale, offer for sale, or import of infringing products in or to this District." SAC at ¶ 10. Here also, the Dana Declaration directly contradicts these unsubstantiated allegations. Legend simply does not have any ties, connections, or relations with California that would support those allegations of jurisdiction or that could justify requiring Legend to appear and defend itself in California. Legend does not own or rent any physical offices or other property outside of the state of New York. Dana Decl. at ¶ 7. Legend does not maintain and has never maintained any office, facility, warehouse, or other fixed physical presence in California. *Id*. at ¶ 8. Legend does not have any employees, agents, or representatives in California. *Id*. at ¶ 9. Legend is not licensed to do business in California. *Id*. at ¶ 10. Legend does not pay any state payroll tax in California. *Id*. at ¶ 11. Legend does not have any bank accounts in California. *Id*. at ¶ 12. Legend does not own any land or personal property in California. *Id*. at ¶ 13. Legend does not have a mailing address, telephone number, or fax listing in California. *Id*. at ¶ 14.

Having added TJX as a defendant, Therabody alleges in the Second Amended Complaint that the Accused Products were found in TJX stores in this district. SAC at ¶¶ 65, 67. However, TJX is not a California entity. TJX is a Delaware corporation with its headquarters in Framingham, Massachusetts. Dana Decl. at ¶ 19. Further, any purchase agreements concerning the Accused Products made between Legend and TJX was for the distribution of the Accused Products throughout the United States. *Id*. at ¶ 20. No purchase agreements were between Legend and any retail store bearing any TJX name or trademark, including any retail stores bearing the "TJ Maxx," "Marshalls," "Home Goods" name or trademark located in California. *Id*. Further, any purchase agreements with TJX were not specific to any retail stores bearing any TJX name or trademark located in California. *Id*. While Legend has shipped the Accused Products to TJX distribution centers, these shipments were made at the request and direction of TJX

-3-

under the terms of the purchase agreements. *Id*. at ¶ 21. Legend also shipped the Accused Products throughout the United States to distribution centers operated by TJX. *Id*. at ¶ 21.

Therabody has also alleged that it has found the Accused Products on Legend's "Amazon retail page," and Defendant's website at https://www.shoptrakk.com/.  SAC at ¶ 65.  However, the Accused Products were not sold by Legend on its "Amazon retail page." Any Accused Products listed for sale on Amazon is being offered by third parties that did not purchase the product from Legend. Dana Decl. at ¶ 23.  While the Accused Products were advertised and offered through a website at www.shoptrakk.com, no Accused Products were ever sold to anyone in California or shipped to California from that website.  *Id*. at ¶ 22.

Therabody has also alleged that it has found the Accused Products on the Walmart, Staples, Office Depot, Radio Shack, and Newegg websites.  SAC at ¶¶ 65-66.  These allegations do not include an assertion that these website listings were directed were directed to California, or California consumers, or that they resulted in any sales by Legend or any third-party to consumers in California. Further, any such retailers on whose websites Therabody claims to have found the Accused Products are independent distributors of the Accused Products and make all decisions regarding where the Accused Products are offered for sale, independent of Legend.  *Id*. at ¶ 18.  Any alleged offers for sale found online at websites of major retailers other than TJX were not sold to these retailers in California by Legend.  *Id*. at ¶ 25.  In fact, it is understood by Legend that none of the retailer websites alleged to have listed the Accused Product are California entities.  *Id*. at ¶ 24.  Legend does not sell any products, including the Accused products, directly to California.  *Id*. at ¶ 18.

-4-

In fact, Legend does not engage in any advertising targeted towards California residents, by geographically focused online marketing or otherwise. Dana Decl. at ¶ 15.  Legend has also never entered into any contracts with a person in California or a company headquartered in California to sell the Accused Products or otherwise.  *Id*. at ¶ 16.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(2) of the Federal Rule of Civil Procedure.

Under Federal Rule of Civil Procedure 12(b)(2), defendants may move to dismiss for lack of personal jurisdiction. Plaintiffs bear the burden of establishing that jurisdiction is proper. See, e.g., *Midcap Funding XVIII Trust v. CSC Logic, Inc.*, No. 2:20-cv-09648-CAS-RAOx, 2021 WL 949601, at *3 (C.D. Cal. Mar. 12, 2021) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). "The Court may consider evidence presented in affidavits and declarations in determining personal jurisdiction." *Bondit LLC v. Hallows Movie Inc.*, No. 2:19-CV-09832-SB-RAO, 2020 WL 7775619, at *1 (C.D. Cal. Nov. 23, 2020). "The plaintiff cannot simply rest on the bare allegations of its complaint." *Bondit*, 2020 WL 7775619, at *1. While uncontroverted allegations in the complaint must be taken as true, "[t]he Court may not assume the truth of allegations that are contradicted by affidavit." *Id*.

### B.   Rule 12(b)(3) of the Federal Rule of Civil Procedure, and 28 U.S.C. § 1400(b).

In patent infringement cases, "[28 U.S.C] § 1400(b) is the sole and exclusive provision controlling venue" and "is not to be supplemented by ... § 1391(c)." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (internal quotation marks omitted). Under § 1400(b), venue is proper either "in the judicial district where the defendant resides, or *where the defendant has committed acts of infringement **and** has a regular and established place of business*." 28 U.S.C. § 1400(b).

-5-

## IV.   ARGUMENT

### A.   <u>The Court Lacks Personal Jurisdiction Over Legend, and on this basis Alone Should Dismiss Plaintiff's Second Amended Complaint.</u>

Preliminarily, Plaintiff's Second Amended Complaint should be dismissed against Legend because Legend is not subject to personal jurisdiction in California. The primary focus of a personal jurisdiction analysis is "the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779–80 (2017). There are two types of personal jurisdiction: "general" and "specific." *Id.* General jurisdiction only exists where a defendant can fairly be considered at home, for example, its place of incorporation or principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). And, for specific jurisdiction to exist, "'the *suit*' must 'arise out of or relate to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (quoting *Daimler*, 571 U.S. at 127) (emphasis in original).

### 1.   *Plaintiff Cannot Establish General Jurisdiction Over Legend*.

General jurisdiction is inapplicable here because Legend cannot be considered "at home" in California. *Daimler*, 571 U.S. at 139 & n.19; see *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (This Court may exercise general personal jurisdiction over a foreign corporation only if that entity "engage[s] in continuous and systematic general business contacts" with this District.).

Legend is a New York corporation with a principal place of business in New York. (Dana Decl. at ¶ 6). Legend simply has no contacts with, nor does it maintain a relationship of permanent and continuous presence in California. *Id.* at ¶¶ 7–14. Thus, assertion of general jurisdiction over Legend would clearly violate due process. See, e.g., *Sussman v. Playa Grande Resort*, S.A. de C.V., No. 20-55563, 2021 WL 860044, at *2 (9th Cir. Mar. 8, 2021); *Midcap Funding XVIII*

-6-

*Trust*, 2021 WL 949601, at *5 ("defendant cannot fairly be regarded 'at home' in California" where it "is organized under the laws of Texas, maintains its headquarters in Virginia and its operational offices in Texas, and 'has no offices, employees, or facilities in California'").

Therabody's allegation that Legend "has offices in this District, including at 6315 Chalet Drive, Commerce, CA 90040 and 16804 Gridley Place, Cerritos, CA 90703" (SAC at ¶ 10) is directly controverted by the Declaration of Joseph Dana at ¶¶ 5-6. Because these allegations are controverted by declaration the Court cannot accept them as true. *Bondit*, 2020 WL 7775619, at *1. Because Legend does not and has not ever had offices at 6315 Chalet Drive, Commerce, CA 90040 and 16804 Gridley Place, Cerritos, CA 90703, or anywhere else in California, general jurisdiction cannot be established. *Id*; see also, *Midcap Funding XVIII Trust*, 2021 WL 949601, at *5.

## 2. *Plaintiff Cannot Establish that Specific Personal Jurisdiction Applies Over Legend.*

The Ninth Circuit applies a three-prong "sufficient contacts" test to determine whether the Court has specific personal jurisdiction over a defendant:

> (1) The non-resident defendant must perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws ["purposeful availment"];
>
> (2) the claim must be one which arises out of or relates to the defendants' forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice; *i.e.*, it must be reasonable.

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citations omitted) (emphasis in original). The burden of establishing the first two prongs

-7-

falls on the plaintiff. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). The burden for the third prong is on defendant, but only if the plaintiff first establishes prongs one and two. *See id*.

a.   **Legend Has Not Purposefully Directed Its Activities Toward This District**

Here, Plaintiff fails to satisfy its burden for the sufficient contacts test. The SAC fails to adequately plead facts supporting this Court's jurisdiction over Legend and Plaintiff cannot do so.  Legend has not purposefully directed activities toward this District and Plaintiff's causes of action do not arise out of Legend's activities with this District. And, even had Plaintiff met its burden, the Court's exercise of jurisdiction over Legend would not be fair.

While uncontroverted allegations in the complaint must be taken as true, "[t]he Court may not assume the truth of allegations that are contradicted by affidavit." *Bondit*, 2020 WL 7775619, at *1.  Yet, controverted or conclusory allegations are all the SAC offers.  As discussed above, Plaintiff's allegation that Legend has offices in California and in this District is directly controverted by the Dana Declaration and is false.  Without credible allegations of Legend's presence in California, Plaintiff's remaining attempts to sufficiently plead personal jurisdiction are based on the generic and conclusory allegations that "Defendants have committed acts of infringement in this District, including the distribution, promoting, marketing, selling, offering for sale, importing, and/or advertising their infringing products in or to this District and/or to businesses and individuals in this District" and that "Defendants derive substantial revenue from the distribution, promotion, marketing, sale, offer for sale, or import of infringing products in or to this District," none of which, without a factual basis, establish personal jurisdiction. SAC at ¶ 10.

-8-

At best, Plaintiff's support for personal jurisdiction must rely on the allegations that (1) the Accused Products were offered for sale in TJX stores in California, and (2) the presence of the Accused Products on various websites without further allegations that those online websites were expressly aimed at California or that they even resulted in sales to California. These allegations are insufficient to support personal jurisdiction.

In fact, Plaintiff's allegations are no more than a "stream of commerce" theory of jurisdiction. Any alleged offers for sale at TJX or on any major retailer's website are offers for sale performed by those retailers and not by Legend. Since the mere "placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state," *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007), the allegations are not enough to establish this Court has jurisdiction over Legend. *See e.g.*, *Parnell Pharm., Inc. v. Parnell, Inc.,* No. 5:14-cv-03158-EJD, 2015 WL 5728396, at *5 (N.D. Cal. 2015) ("sale and marketing of products in California through the use of independent distributors," does not meet the purposeful direction standard).

It is the Plaintiff's burden to sufficiently plead jurisdiction, and here it has not. The Court should dismiss the SAC on this basis alone.

Setting aside the facial deficiencies in the SAC, Plaintiff cannot establish personal jurisdiction as a matter of fact because Legend's alleged activities do not satisfy the first prong of the sufficient contacts test—purposefully directing activities toward this District. *See Dole Food,* 303 F.3d at 1111.

Where, as here, a suit involves allegations of tortious conduct, the Ninth Circuit applies the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984). See *Sussman*, 2021 WL 860044, at *1. Without an uncontroverted allegation that Legend "has offices in this District," Therabody must attempt to rely on the activity of third-party retailers to tried to impute jurisdiction on Legend.

-9-

However, with respect to the Accused Products found in TJX stores in this district, there is no allegation or basis to find that Legend purposefully availed itself to California. SAC at ¶¶ 65, 67. First, TJX is not a California entity, but rather is a Delaware corporation with its headquarters in Framingham, Massachusetts. Dana Decl. at ¶ 19. Moreso, it is not appropriate to attribute the actions of TJX to support a claim of personal jurisdiction against Legend. The relationship between Legend and TJX does not support it. *Id*. at ¶¶ 20-21. Therabody's allegations with respect to sales to TJX are no more than allegation of the "placement of a product into the stream of commerce. Without more, Legend's actions are not an act purposefully directed toward a California. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007).

Therabody's allegations that it found the Accused Products on the websites of Walmart, Staples, Office Depot, Radio Shack, and Newegg also do not demonstrate that Legend purposefully availed itself of California. SAC at ¶¶ 65-66. These allegations do not include an assertion that these website listings were directed to California generally, to California entities, to California consumers, or that they resulted in any sales by Legend or any third-party to consumers in California. Therabody could not even had made such an allegation because Legend does not engage in any advertising targeted towards California residents, by geographically focused online marketing or otherwise and has never entered into any contracts with a person in California or a company headquartered in California to sell the Accused Products or otherwise. *Id*. at ¶¶ 15-16, 24-26. Further, any such retailers on whose websites Therabody claims to have found the Accused Products are independent distributors of the Accused Products and make all decisions regarding where the Accused Products are offered for sale, independent of Legend. *Id*. at ¶ 18.

**LEGEND GROUP INC.'S MOTION TO DISMISS COMPLAINT**
**Case No.: 2:21-cv-09079-MCS-MAA**

1  In fact, it is understood by Legend that none of the retailer websites alleged
2  to have listed the Accused Product are even California entities. *Id.* at ¶ 24. Further,
3  any alleged offers for sale found online at websites of major retailers other than
4  TJX were not sold to these retailers in California by Legend.  *Id.* at ¶ 25.  Legend
5  does not sell any products, including the Accused products, directly to California.
6  *Id.* at ¶ 18.

7  Therabody has also alleged that it has found the Accused Products on
8  Legend's   "Amazon   retail   page,"   and   Defendant's   website   at
9  https://www.shoptrakk.com/.  SAC at ¶ 65. However, the Accused Products were
10  not alleged to have been sold and were not actually sold by Legend on its "Amazon
11  retail page." In fact, any Accused Products listed for sale on Amazon is being
12  offered by unrelated third parties that did not purchase the product from Legend.
13  Dana Decl. at ¶ 23. While the Accused Products were advertised and offered
14  through a website at www.shoptrakk.com, no products were alleged to have been
15  sold, nor were they ever sold to anyone in California or shipped to California from
16  that website.  *Id.* at ¶ 22.

17  Further to the Dana Declaration, even if taken as true, Therabody's
18  allegations regarding finding the Accused Products on various website in
19  insufficient under Ninth Circuit law to establish personal jurisdiction over Legend.
20  "[T]he Ninth Circuit has 'consistently held that a mere web presence is insufficient
21  to establish personal jurisdiction.'" *Mut. Trading Co. v. Kabushiki Kaisha*, No. CV
22  20-05815PA (GJSX), 2021 WL 515399, at *5 n.1 (C.D. Cal. Feb. 3, 2021)
23  (quoting *Holland America Line, Inc. v. Wartsila N.A., Inc.*, 485 F. 3d 450, 460 (9th
24  Cir. 2007)); *see also Spy Optic, Inc. v. AreaTrend, LLC*, No. 20-55438, 2021 WL
25  225628, at *2 (9th Cir. Jan. 22, 2021) ("Operating a universally accessible website
26  alone cannot satisfy the express aiming prong.").

27
28

-11-

1

2

### 1. Plaintiff Cannot Show that Legend "Expressly Aimed" Their Activities at California Through Any Website

3   The second requirement of the *Calder* "effects test" requires that a

4   defendant's conduct be expressly aimed at the forum. See *Sussman*, 2021 WL

5   860044, at *1. Where a plaintiff seeks to establish personal jurisdiction through a

6   defendant's forum contacts via a nationally accessible website, a plaintiff must

7   show that a defendant did "something more" than operate a website, regardless of

8   whether that site is interactive or passive. *ThermoLife Int'l, LLC v. NetNutri.com*

9   *LLC*, 813 F. App'x 316, 318 (9th Cir. 2020). "Something more" means conduct

10  directly targeting the forum. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d

11  1218, 1229 (9th Cir. 2011). "A plaintiff cannot establish specific personal

12  jurisdiction through nonspecific, nationwide sales, as, in the context of this case,

13  any contact with Arizona would be 'random, fortuitous, or attenuated.'" Id. (citing

14  *Walden v. Fiore*, 571 U.S. 277, 286 (2014)).

15  Defendants have not "expressly aimed" their conduct at California because

16  its nationally accessible storefronts on Amazon or Defendant's own website simply

17  do not target California residents. See *ThermoLife Int'l LLC v. NetNutri.com LLC,*

18  18-CV-04248-PHX-JJT, 2019 WL 3220547, at *1 (D. Ariz. July 17, 2019),

19  affirmed, 813 F. App'x 316 (9th Cir. 2020); see also *Bubble Genius LLC v. Smith*,

20  2015 WL 4399483, at *5 (C.D. Cal. 2015) (finding no "express aiming" where

21  website did not target the forum state and did not purposefully direct sales to the

22  forum state); *Matus v. Premium Nutraceuticals*, LLC, 2016 WL 3078745, at *3

23  (C.D. Cal. 2016) (same); *Imageline, Inc. v. Hendricks*, 2009 WL 10286181, at *5

24  (C.D. Cal. Aug. 12, 2009) ("The Defendants' [online] sales to California residents

25  were not specifically directed contacts, but instead occurred only because the

26  purchasers of Defendants' goods happened to reside in California"). Instead, any

27

28

-12-

**LEGEND GROUP INC.'S MOTION TO DISMISS COMPLAINT**
**Case No.: 2:21-cv-09079-MCS-MAA**

1  such sales by Defendants to California residents, which has not even been alleged,

2  would be considered "random, fortuitous, or attenuated." *Walden*, 571 U.S. at 290.

3       This is because the mere "marketing and selling to California residents

4  through a website or Amazon.com is insufficient to establish personal

5  jurisdiction." *P & P Imports LLC v. OJ Commerce, LLC*, No. SACV 19-00898 AG

6  (KESx), 2019 WL 8012690, at *3 (C.D. Cal. Oct. 4, 2019). If it did, "anyone who

7  sold a product over the internet would be subject to jurisdiction anywhere that

8  product may have been advertised or purchased. Such a result would essentially

9  eliminate the concept of personal jurisdiction." *Vitamins Online v. Dynamic Indus.*,

10 No. 2:13-CV-665 TS, 2014 WL545864, at *3 (D. Utah Feb. 10, 2014). "The

11 Supreme Court has, in the past, sounded a note of caution that traditional

12 jurisdictional analyses are not upended simply because a case involves

13 technological developments that make it easier for parties to reach across state

14 lines." *Boschetto v. Hansing*, 539 F.3d 1011, 1019 (9th Cir. 2008). "As we

15 recognized in *Mavrix*, '[n]ot all material placed on the Internet is, solely by virtue

16 of its universal accessibility, expressly aimed at every [forum] in which it is

17 accessed.'" *AMA Multimedia, LLC v. Wanat,* 970 F.3d 1201, 1211 (9th Cir. 2020),

18 cert. denied, 142 S. Ct. 76 (2021). If such actions constituted express aiming, any

19 business could be said to expressly aim at any forum in which a user views their

20 website.

21     Plaintiff offers no other factual allegations concerning Legend's alleged

22 contacts comprising intentional acts *expressly aimed at California* because no such

23 facts exist.

24          b.    **Plaintiff's Claims Do Not "Arise Out Of or Relate To"
                  Legend's sales of Allegedly Infringing Products Into
25                California**

26     The second prong of the test for specific personal jurisdiction requires that

27 the plaintiff's claims arise out of, or relate to, the defendant's activities with the

28

-13-

**LEGEND GROUP INC.'S MOTION TO DISMISS COMPLAINT**
**Case No.: 2:21-cv-09079-MCS-MAA**

forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The Ninth Circuit uses a "but for" test to determine whether a plaintiff's claims "arise out of or relate to" a nonresident defendant's forum-related conduct. In applying the "but for" test, the court must determine whether the plaintiff would not have been injured "but for" the defendant's conduct directed toward the plaintiff **in the chosen forum**." *Nutritition Distribution LLC v. Fulfillment Pros LLC*, No. 16-CV-03115-BAS-JLB, 2017 WL 3605340, at *4 (S.D. Cal. Aug. 21, 2017) (emphasis added) (citation omitted); *see Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995) (same). "The question can be formulated as this: But for [defendant's] contacts with [the forum state], would [plaintiff's] claims against [defendant] have arisen?" *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 864 (9th Cir. 2003).

Here, the "but for" test is not satisfied. The only uncontroverted allegation of Legends's connection to California is the sale of the Accused Products in TJX stores within California.  However, Legend has shipped the Accused Products to TJX throughout the United States. Dana Decl. at ¶¶ 20-21. If Plaintiff has suffered any harm, which Legend disputes, that harm did not occur "but for" Legend's connection with this District—the harm would occur regardless of it. Plaintiff cannot not satisfy the second prong of the sufficient contacts test, and this Court cannot exercise personal jurisdiction over Legend.

Therefore, at least for the above reasons, Plaintiff's Second Amended Complaint should be dismissed in its entirety against Legend for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

### c.  Exercising Jurisdiction Over Legend Would Not Be Reasonable Or Fair

Because Plaintiff has not, and cannot, establish its burden of proof, the Court need not address the third prong of the sufficient contact test. But, if the Court

-14-

addresses this prong, exercise of personal jurisdiction over Legend would not be reasonable and would not comport with fair play and substantial justice. The reasonableness of exercising jurisdiction depends on seven factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, at 476–77 (1985)).

As noted above, Legend has not interjected itself into this District, so the first factor weighs toward unreasonable exercise of jurisdiction. The second factor also weighs against this Court's exercise of jurisdiction because Legend is based in New York and has no connection to this District. Further, on the fourth factor, while California may have some interest in promoting the interests of California entities like Plaintiff, the Ninth Circuit has held that the allegations raised by Plaintiff cannot establish jurisdiction. *See Axiom Foods*, 874 F.3d at 1070. Similarly, judicial efficiency does not require a California forum, and would be better served in the Eastern District of New York—while some discovery in this action might take place in California, far more would occur in New York. Nor does Plaintiff's interest in obtaining relief favor California, as Plaintiff can obtain any warranted relief as easily in New York. Finally, an alternative forum exists—the Eastern District of New York. Taken together, the *Bancroft* factors point towards the unreasonableness of this Court exercising personal jurisdiction over Legend.

///

///

-15-

**B.** **This Court Must Dismiss Defendant Because This Action is Filed in an Improper Venue.**

As mentioned above, under § 1400(b), venue would be proper in this District only if this were the district "where the defendant resides, or where the defendant has committed acts of infringement **and** has a regular and established place of business." 28 U.S.C. § 1400(b) (emphasis added).

The Supreme Court concluded that for purposes of § 1400(b) a domestic corporation "resides" only in its State of incorporation, rejecting the argument that § 1400(b) incorporates the broader definition of corporate "residence" contained in the general venue statute, 28 U.S.C. § 1391(c). *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957). "Congress has not amended § 1400(b) since *Fourco*, but it has twice amended § 1391, which now provides that, "[e]xcept as otherwise provided by law" and "[f]or all venue purposes," a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." §§ 1391(a), (c)." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC,* 137 S. Ct. 1514, 1515 (2017). However, "[t]he amendments to § 1391 did not modify the meaning of § 1400(b) as interpreted by *Fourco*." *Id.* As applied to domestic corporations, "'residence' in § 1400(b) refers only to the State of incorporation." *Id.*

Pendant venue would also be improper here. The doctrine of pendent venue provides that "if venue is appropriate for one claim, a court may hear other claims that arise from the same nucleus of facts." *E-Z Dock, Inc. v. Snap Dock, LLC,* No. 2:21-CV-450-SPC-NPM, 2021 WL 4748728, at *1 (M.D. Fla. Oct. 12, 2021). However, the doctrine cannot "defeat Congress's intention that certain types of claims be heard in specific places." *Id.* After the Supreme Court held that the general venue state – 28 U.S.C. § 1391 – does not modify § 1400(b), district courts have held that patent infringement claims are not subject to pendant venue. *Id.*

-16-

(citing *Akurate Dynamics, LLC v. Carlisle Fluid Techs*., Inc., No. 6:20-cv-606-ADA, 2021 WL 860006, at *2 (W.D. Tex. Mar. 8, 2021)). While judicial economy may favor litigating all of Plaintiff's counts in one action, "judicial economy cannot overcome the intention of Congress and Supreme Court precedent." *Id.*

Because Plaintiff has failed to establish that Legend purposefully directed its conduct at either California or, for purposes of venue, the Central District of California, this Court lacks personal jurisdiction over Legend. Without such personal jurisdiction and because Legend does not reside in California, venue over Legend is not proper in this district.

Where a court determines that venue is improper, it may, in its discretion, either dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(3) or transfer the action to a district where venue is appropriate. Courts have "significant discretion" in determining whether to dismiss or transfer an action. See *DirectV, Inc. v. Leo*, 2010 WL 2740072, at *6 (C.D. Cal. Jul. 8, 2010) (citing *Johnson v. Payless Drug Stores Northwest, Inc*., 950 F.2d 586, 588 (9th Cir. 1991)).

Where a court has found multiple deficiencies in a plaintiff's claims, transferring the case to another district court was found to only "delay[ ] the inevitable" and not be "in keeping with the Supreme Court's instruction to the lower federal courts 'to weed out' insubstantial [ ] suits 'expeditiously.' " *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (noting that "it made little sense to transfer the case to another jurisdiction pursuant to 28 U.S.C. § 1406" since "[t]hat would have kept the case alive only until the next court looked it over and found it wanting").

Therefore, for the foregoing reasons, and in view of the further reasons below indicating a plethora of deficiencies in Plaintiff's Second Amended Complaint, this Court should dismiss rather than transfer this case pursuant to Rule 12(b)(3).

-17-

## V.   CONCLUSION

Based on the foregoing, the instant Motion should be granted in its entirety.

Respectfully submitted,

Dated: April 20, 2022          /s/ Chris S. Evans, Esq.

Chris S. Evans, Esq.
Ajay Gupta, Esq.
*Attorneys for Defendant*
*LEGEND GROUP, INC.*

**LEGEND GROUP INC.'S MOTION TO DISMISS COMPLAINT**
**Case No.: 2:21-cv-09079-MCS-MAA**