**PARKER IBRAHIM & BERG LLP**
BRYANT S. DELGADILLO (CA Bar No. 208361)
bryant.delgadillo@piblaw.com
MATTHEW S. HENDERSON (CA Bar No.274252)
matthew.henderson@piblaw.com
695 Town Center Drive, 16th Floor
Costa Mesa, California 92626
Tel:  (714) 361-9550
Fax: (714) 784-4190

Attorneys for Plaintiff
THERABODY, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERABODY, INC., a Delaware corp.<br><br>Plaintiff,<br><br>v.<br><br>LEGEND GROUP INC., a New York corporation; TJX COMPANIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.: 2:21-cv-09079-MCS-MAA<br><br>**STIPULATED PROTECTIVE ORDER** |

## <u>PROTECTIVE ORDER</u>

WHEREAS the parties believe that this protective order is necessary to provide protections for the parties' sensitive information while still allowing the parties to disclose that sensitive information to each other in the course of discovery; THEREFORE, it is hereby stipulated among the parties and ORDERED that:

1.    <u>Findings:</u> The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.   <u>Definitions:</u>

A.    "Party'' means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

B.    "CONFIDENTIAL" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

C.    "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information is information within the scope of Rule 26(c)(1)(G) that is current or future business, financial or technical trade secrets and plans more sensitive or strategic than CONFIDENTIAL information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

D.    Information is not CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY if a person lawfully obtained it independently of this litigation.

3.   <u>Designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY:</u>

A.    A person's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

B. A person designates information in a document or thing as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY by affixing an appropriate legend, such as by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", including the designation in the filename, or by indicating the designation in the confidentiality field of the load file. A producer may make documents or things containing CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be affixed with an appropriate legend before providing them to the recipient.

C. Any document produced in this litigation before issuance of this Order with the designation "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY," or similar designation shall receive the same treatment as if designated HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY under this Order, unless and until such document is re-designated by the producing Party to have a different classification under this Order.

D. A person designates information in deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY by stating on the record at the deposition that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY or by advising the opposing party and the stenographer, court reporter, videographer and/or videoconferencing coordinator in writing, within fourteen days after receipt of the deposition transcript, that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY. Pending the expiration of the fourteen days, all parties and persons shall presumptively treat the deposition transcript as HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY. If no portions of the transcript are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES

ONLY by any party to this action or by the deponent during the deposition or within the fourteen days, the transcript shall be considered not to contain any CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information. Counsel for each party to this action shall be responsible for marking any designated portions of copies of the transcript in their possession with a confidentiality legend if written notice is provided within the fourteen days. For testimony designated during a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY under this Protective Order, the designating party shall have the right to exclude from the deposition, or any portion thereof, all persons except: the deponent and its outside counsel, outside counsel of record for named parties, the court reporter, the videographer, and such other persons who are bound by this Protective Order and are authorized to have access to such information.

E.     A person's failure to designate a document, thing, or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony. The disclosure by a party or non-party of information, documents, or things which it believes should have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY, regardless of whether the information, documents, or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's or non-party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party or non-party produces or provides discovery of any CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information, documents, or things without designating it as such, the party or non-party may give written notice to the receiving party(ies) that the information or material is CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY and should be treated in accordance with the provisions of this Protective Order. The receiving party(ies) must treat such

1   information or material as CONFIDENTIAL or HIGHLY CONFIDENTIAL
2   ATTORNEYS' EYES ONLY as notified from the date such notice is received.
3   Disclosure of such information or material, prior to receipt of such notice, to persons
4   not authorized to receive CONFIDENTIAL or HIGHLY CONFIDENTIAL
5   ATTORNEYS' EYES ONLY documents, or things shall not be deemed a violation of
6   this Protective Order; but those persons to whom disclosure was made are to be advised
7   that the material disclosed is CONFIDENTIAL or HIGHLY CONFIDENTIAL
8   ATTORNEYS' EYES ONLY and must be treated in accordance with this Protective
9   Order.

10       F.    A person who has designated information as CONFIDENTIAL or
11  HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY may withdraw or lessen the
12  designation by written notification to all parties in the case.

13       G.    Challenging Confidentiality Designations
14           G.1. Timing of Challenges.
15               Any Party or nonparty may challenge a designation of
16  confidentiality at any time that is consistent with the Court's Scheduling Order.

17           G.2. Meet and Confer.
18               The challenging Party shall initiate the dispute resolution process,
19  which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's
20  Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

21           G.3. Burden of Persuasion.
22               The burden of persuasion in any such challenge proceeding shall be
23  on the designating Party.  Frivolous challenges, and those made for an improper purpose
24  (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may
25  expose the challenging Party to sanctions.  Unless the designating Party has waived or
26  withdrawn the confidentiality designation, all parties shall continue to afford the

27  ────────────
28  [1] Judge Audero's Procedures are available at
    https://www.cacd.uscourts.gov/honorable-maria-audero.

material in question the level of protection to which it is entitled under the producing Party's designation until the Court rules on the challenge.

H.     A Party's failure to challenge a designation of information as CONFIDENTIAL OR HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY is not an admission that the information was properly designated as such.

4.     Use and disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information:

A.     CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

B.     Absent written permission from the producer or further order by the Court, the recipient may not disclose CONFIDENTIAL information to any person other than the following: (i) a party's outside counsel of record, including electronic discovery vendors and necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) up to two (2) of a party's in-house attorneys; (iii) up to three (3) of a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer, videographer, court reporter and/or videoconferencing coordinator recording deposition or other testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

C.     Absent written permission from the producer or further order by the Court, the recipient may not disclose HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information to any person other than those identified in paragraph 4(b)(i), (ii), (iv), (v), and (vi).

D.     A party may not disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information to an expert or consultant

1  pursuant to paragraph 4(b) or 4(c) of this order until after the expert or consultant has

2  signed an undertaking in the form of Appendix 1 to this Order. At least ten (10) days

3  before the first disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL

4  ATTORNEYS' EYES ONLY information to an expert or consultant (or member of

5  their staff), the party proposing to make the disclosure must serve the producer with a

6  written identification of the expert or consultant and a copy of his or her curriculum

7  vitae, including a description of every current or previous employment or consulting

8  relationship with any of the parties. If the producer has good cause to object to the

9  disclosure (which does not include challenging the qualifications of the expert or

10  consultant), it must serve the party proposing to make the disclosure with a written

11  objection within ten (10) days after service of the identification. Unless the parties

12  resolve the dispute within ten (10) days after service of the objection, the producer must

13  move the Court promptly for a ruling, and the CONFIDENTIAL or HIGHLY

14  CONFIDENTIAL ATTORNEYS' EYES ONLY information may not be disclosed to

15  the expert or consultant without the Court's approval.

16      E.    Notwithstanding paragraph 4(b) and (c), a party may disclose

17  CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY

18  information to: (i) any employee or author of the producer; (ii) any person, no longer

19  affiliated with the producer, who authored the information in whole or in part; (iii) as

20  to any document, its addressee and any other person indicated on the face of the

21  document as having received a copy; and (iv) any person who received the information

22  before this case was filed.

23      F.    A party who wishes to disclose CONFIDENTIAL or HIGHLY

24  CONFIDENTIAL ATTORNEYS' EYES ONLY information to a person not authorized

25  under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the

26  producer's permission. If the party is unable to obtain permission, it may move the

27  Court to obtain permission.

28  ///

G.    Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    <u>Inadvertent Disclosure:</u>

A.    The production of privileged or work-product protected documents, electronically stored information or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

B.    If a receiving party discovers that discovery may have been inadvertently or otherwise unintentionally produced, it shall notify the producing party in writing as soon as reasonably practicable after learning of the disclosure. If a party inadvertently or otherwise produces or provides discovery which it believes is subject to a claim of an applicable privilege, the producing party may give written notice to the receiving party or parties that the information or material is subject to a claim of privilege, and request that the information or material be returned to the producing party or destroyed. If a party or non-party requests the return or destruction, pursuant to this paragraph, of any discovery, the receiving party(ies) shall not use or disclose, and shall within five (5) business days return to the producing party all copies of such information or material or confirm that all copies of such information or material have been destroyed. Within five (5) business days of return or written confirmation of destruction of the material subject to a claim of privilege, the producing party must provide a supplemental privilege log describing the basis, correlated to each document (including identifying

**PROTECTIVE ORDER**

the production number), for withholding each document as set forth in Rule 26(b)(5)(A)(ii)). Return or destruction of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is properly subject to a claim of privilege, nor shall it foreclose any party from moving the Court for an order that such information or material has been improperly designated for reasons other than a waiver caused by the inadvertent production.

6. <u>Filing with the Court</u>: A party wishing to file under seal or with redactions a document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information must do so consistent with Local Rule 79-5 and Judge Scarsi's Initial Standing Order for Civil Cases (Para. 11).

7. <u>Document Disposal</u>: Within 60 days after the conclusion of this case, including all appeals, each party must either return to the producer or destroy all documents and copies of documents containing the producer's CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information. The party returning and/or destroying the producer's CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information must certify in writing its compliance with the requirements of this paragraph within 60 days after the conclusion of this case, including all pending appeals. Notwithstanding the requirements of this paragraph, outside counsel for the parties to this action may retain one complete set of all documents filed with the Court, written discovery responses such as Objections and Responses to Interrogatories and Objections and Responses to Requests for Production, deposition and hearing transcripts, and documents provided by the parties containing CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information, provided that all such documents will be held for their internal use only, remaining subject to all requirements of this order. These

exceptions are not designed to capture a party's document production. A party to this action which has disclosed CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information to those persons or entities identified in paragraphs 4(b)(ii), (iii), and (v) is responsible for either (a) obtaining all documents or things containing CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information, including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this paragraph; or (b) obtaining written certification from those persons or entities that all such information and material has been destroyed. The parties' written certification of compliance with this provision shall include a certification that all persons or entities identified in paragraphs 4(b)(ii), (iii), and (v) have represented their compliance with this provision.

8.  <u>Originals:</u> A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within twenty-one days after a written request that provides a reasonable basis for requesting an "original."

9.  <u>Privilege log:</u>  With respect to privilege logs, the parties are not required to log any communications from the filing date of this action and thereafter.

10.  <u>Survival of obligations:</u>  This order's obligations regarding CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY information survive the conclusion of this case.

SO STIPULATED

1  DATED:  September 13, 2022          PARKER IBRAHIM & BERG LLP

2

3                                      By:  /s/ Bryant S. Delgadillo

4                                          BRYANT S. DELGADILLO
                                           MATTHEW S. HENDERSON
5                                          Attorneys for Plaintiff
                                           THERABODY, INC.
6

7  DATED:  September 13, 2022          BOCHNER IP, LLC

8

9                                      By:  /s/ Michael G. Gabriel

10                                         MICHAEL G. GABRIEL

11                                         AJAY GUPTA
                                           CHRISTOPHER S. EVANS
12                                         GUPTA EVANS AND AYRES, PC
                                           Attorneys for Defenant
13                                         LEGEND GROUP, INC.

14

15  DATED:  September 13, 2022          DLA PIPER LLP (US)

16

17                                     By:  /s/ Michael D. Jay

18                                         MICHAEL D. JAY
                                           NICHOLAS G. PAPASTAVROS
19                                         GRANT P. WU
                                           Attorneys for Defendant
20                                         THE TJX COMPANIES, INC.

21

22                                 CERTIFICATION

23        I, Bryant S. Delgadillo, hereby attest that all other signatories listed, and on

24  whose behalf the filing is submitted, concur in the filing's content and have authorized

25  the filing.

26

27                                     /s/ Bryant S. Delgadillo

28                                     BRYANT S. DELGADILLO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SO ORDERED

DATED:  September 28, 2022

_____

The Honorable Maria A. Audero
United States Magistrate Judge

12

**PROTECTIVE ORDER**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERABODY, INC., a Delaware corp.<br><br>          Plaintiff,<br><br>    v.<br><br>LEGEND GROUP INC., a New York corporation; TJX COMPANIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive<br><br>          Defendants. | CASE NO.: 2:21-cv-09079-MCS-MAA |

## <u>UNDERTAKING OF [_____]</u>

I, _____ state the following under penalties of perjury as provided by law:

1.    My present employer is _____.

2.    My present occupation or job description is _____. My job title is _____.

3.    My business address is_____.

4.    [FOR EXPERTS ONLY] I have been retained by _____ [party] as an expert or consultant in connection with this case.

5.    I will be receiving Confidential information that is covered by the Court's Protective Order dated _____ (the "Protective Order"). I have read the Court's Protective Order and understand that the Confidential information is provided pursuant to the terms and conditions in that Protective Order.

APPENDIX 1 TO PROTECTIVE ORDER

6.      I agree to be bound by the Court's Protective Order. I agree to use the Confidential information solely for purposes of this case. I understand that neither the Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Protective Order. I agree to return the Confidential information that comes into my possession, and any notes concerning that information, to the attorney for [retaining party] or to destroy the information and any notes at that attorney's request.

7.      I submit to the jurisdiction of the Court that issued the Protective Order for the purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____ [Signature]

2

**APPENDIX 1 TO PROTECTIVE ORDER**